## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MICHAEL GRECCO PRODUCTIONS, INC.,

           Plaintiff,

    v.

RGB VENTURES, LLC,

           Defendant.

**Case No.:**

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), by its undersigned attorneys, Duane Morris LLP, for its Complaint allege as follows:

### SUBSTANCE OF THE ACTION

1.    This is a case of willful copyright infringement and false application of copyright management information in violation of 17 U.S.C. §§ 106(1), 501, and 1202, and for breach of contract in violation of Florida law.  Plaintiffs seek compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2.    Plaintiff Michael Grecco Productions, Inc. is a photography studio and business owned and operated by photographer Michael Grecco.  Plaintiff is the successor by corporate name change to Michael Grecco Photography, Inc.  Plaintiff is incorporated in

California and has a principal place of business located at 3103 17th Street, Santa Monica, California 90405.

3.      Upon information and belief, defendant RGB Ventures LLC ("Defendant") is a Florida company doing business under the fictitious name SuperStock, with a principal place of business located at 6620 Southpoint Drive South, Suite #501, Jacksonville, Florida 32216.

## JURISDICTION AND VENUE

4.      This is a civil action seeking damages and injunctive relief for, *inter alia*, copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338)(a) (jurisdiction over copyright actions).

5.      Personal jurisdiction over Defendant is proper.  Defendant is incorporated and conducts business in this District and Division and has committed torts in this State, including without limitation Defendant's copyright infringement, which causes harm in this State and in this District.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

7.      The contracts entered into between the parties that form the basis for some of the claims in this Complaint also expressly provides in Section XI(D) of each that: "The Parties agree to accept the exclusive jurisdiction of the state and federal courts located in the Middle District of Florida, USA, regardless of conflicts of laws."

2

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.   The Parties' Relationship

8.      Michael Grecco, principal and owner of Michael Grecco Productions, Inc., is an award winning commercial photographer and film director.  The Plaintiff is noted for its iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for numerous Fortune 500 companies and some of the widely recognized media and entertainment organizations in the world.

9.      Upon information and belief, Defendant owns and operates the websites located at the URL http://www.superstock.com and others, where it reproduces, displays, distributes and sublicenses rights to media images the copyrights in which are owned by others.  For its services, the Defendant shares in a portion of the fees paid by users who acquire sub-licenses in those media images, while being obligated to pay the copyright owners royalties based on the sub-license revenues earned on their works.

10.      Upon information and belief, Defendant also sublicenses or otherwise induces, encourages, instructs, causes or permits the entities listed in the Agreements and other third parties, including without limitation ImageSelect BV at URL http://www.imageselect.eu, ("the Sub-Licensees"), to reproduce, display, distribute, and sub-license certain rights to use media images licensed by Defendant.

11.      In 2012, Defendant and Plaintiff entered into an Exclusive Contributor Agreement and a Non-exclusive Contributor Agreement (collectively, the "Agreements"), wherein Plaintiff granted limited licenses to certain copyrighted material in Plaintiff's portfolio.  Copies of the Agreements are attached at Exhibit A.  Section IV of each

DM2\7071232.1

Agreement obligated Defendant to remit royalty payments to Plaintiff based on the revenue earned from fees paid for sub-licenses in the Plaintiff's copyrighted works.

12.     Plaintiff provided approximately 1,700 copyrighted images to Defendant on a hard drive and subsequently provided additional copyrighted images to Defendant by electronic transmission through Defendant's FTP (collectively, the "Copyrighted Works").

13.     Among the stylized and valuable photographs of celebrities and iconic events taken and owned by the Plaintiff that were provided to the Defendant and covered by the terms of the Agreements are the photographs listed in Exhibit B and subject to the infringement and Digital Millennium Copyright Act ("DMCA") claims set forth in Counts I through IV of this Complaint (collectively, the "Infringed Copyrighted Works")  Plaintiff is the exclusive owner of the copyrights in and to all of the copyrighted works provided to Defendant under the Agreements, including without limitation the exclusive right to sue for the infringement of, and DMCA violations relating to, the Infringed Copyrighted Works.

14.     Plaintiff is the registered owner of all of the Infringed Copyrighted Works. Plaintiff has obtained the registrations with the United States Copyright Office for the Infringed Copyright Works including, but not limited to VA 1-148-989, VA 1-218-595, VA 1-220-297, VA 1-298-833, VA 1-371-867, VA 1-431-698, VA 1-431-699, VA 1-736-729, VAu 469-004, VAu 497-829, VAu 529-348, VAu 539-976, VAu 559-617, VAu 590-445, VAu 624-033, VAu 630-623, Vau 1-053-890, and others.  Attached hereto as Exhibit C are copies of the United States Copyright Office Copyright Catalog information for the registrations.

15.     Plaintiff owns all rights, title, and interest, including copyrights, in and to the Infringed Copyrighted Works.

B.     Defendant's Unlawful Activities

16.     On or about December 2, 2013, the Agreements were terminated.

17.     In Section V(C), each Agreement provides: "SuperStock may continue to exercise the licensing rights granted herein for the following period after termination or expiration: (18) months . . . subject to all other relevant terms and conditions of this Agreement, including license restrictions and payment to Contributor" (the "Survival Term").

18.     In 2014, Plaintiff discovered instances in which Defendant failed to make payments to Plaintiff in accordance with the terms of the Agreements.  Upon information and belief, additional royalty payments are due to Plaintiff under one or both of the Agreements.

19.     In 2015 following the expiration of the Survival Term, Plaintiff discovered instances in which Defendant and/or third parties authorized by Defendant were infringing Plaintiff's exclusive copyrights in the Infringed Copyrighted Works by reproducing, distributing, and publicly displaying the Infringed Copyrighted Works at a website located at the URL http://www.imageselect.eu.

20.     In 2016 following the expiration of the Survival Term, Plaintiff again discovered instances in which Defendant and/or third parties authorized by Defendant were infringing Plaintiff's exclusive copyrights in the Infringed Copyrighted Works by reproducing, distributing, and publicly displaying the Infringed Copyrighted Works at a website located at URL http://www.imageselect.eu.

5

21.     Upon information and belief, Defendant and/or third parties authorized by Defendant ("Third Party Distributors") have reproduced, distributed, and publicly displayed and continue to reproduce, distribute, and publicly display the Infringed Copyrighted Works following termination of the Agreements and expiration of the Survival Term.

22.     In connection with its infringing reproduction, distribution and public display of Plaintiff's Infringed Copyrighted Works, Defendant and/or its third party agents have displayed and/or continue to display the false copyright management information "Superstock RM."

23.     Defendant's and its third party agents' reproduction, distribution, and public display of the Infringed Copyrighted Works is without Plaintiffs' permission.  Example screenshots demonstrating Defendant's unauthorized reproductions, distributions and public displays ("Infringing Works") are attached hereto as Exhibit D.

C.     Defendant's Refusal to Respond to or Cooperate with Plaintiff's Demand

24.     On September 11, 2014, Plaintiff sent a demand letter to Defendant, by email to Defendant's representative, demanding removal of all of Plaintiff's images from any and all of Defendant's and Defendant's sub-agencies' websites.

25.     On January 23, 2015, Plaintiff through counsel sent a further demand letter to Defendant, by email to Defendant's representatives, demanding cessation of all of Defendant's activities with respect to Plaintiff's images.

26.     Despite Plaintiff's repeated demands, Defendant failed to remove remaining uses of Plaintiff's Infringed Copyrighted Works from Defendant's or its third party agents'

DM2\7071232.1

websites following the Survival Term, and has refused to cease all infringing uses of Plaintiff's Infringed Copyrighted Works.

### FIRST CLAIM FOR RELIEF
### DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

27.    Plaintiff realleges paragraphs 1 through 26 above and incorporates them by reference as if fully set forth herein.

28.    Each of the Infringed Copyrighted Works is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff is the sole and exclusive owner of all rights, title and interest in and to the copyrights in the Infringed Copyrighted Works.

29.    Defendant had access to the Infringed Copyrighted Works prior to the creation of the Infringing Works.

30.    Defendant's reproduction, distribution, public display and other use and exploitation of the Infringed Copyrighted Works is in violation of the terms and outside the scope of the Agreements, and without Plaintiff's authorization.

31.    By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq.*, by reproducing, distributing and publicly displaying the Infringing Works.

32.    As evidenced by its refusal to respond to Plaintiff's repeated demands, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has demonstrated an intention to continue profiting at the expense of the Plaintiff.

33.     As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Infringed Copyrighted Works, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each copyrighted image infringed by Defendant's infringing reproductions, distributions, and public display, or such other amounts as may be proper under 17 U.S.C. § 504(c).  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on Plaintiff's lost profits and the disgorgement of Defendant's profits from infringement, which amounts will be proven at trial.

34.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

35.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

36.     Plaintiff realleges paragraphs 1 through 35 above and incorporates them by reference as if fully set forth herein.

37.     Upon information and belief, Defendant has sublicensed and continues to sublicense rights to the Infringed Copyrighted Works to Third Party Distributors in violation of the terms, and outside the scope, of the Agreements between Defendant and Plaintiff.

DM2\7071232.1

38.     Upon information and belief, one or more Third Party Distributors have reproduced, distributed, public displayed and otherwise used and exploited the Infringed Copyrighted Works is in violation of the Copyright Act, 17 U.S.C. §501 *et seq.*

39.     Defendant has induced, caused, or materially contributed to the infringing conduct of the Third Party Distributors.

40.     Defendant had actual knowledge and/or reason to know that the actions of its Third Party Distributors infringed and violated Plaintiff's exclusive rights in the Infringed Copyrighted Works.

41.     By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq.*

42.     As evidenced by its refusal to respond to Plaintiff's repeated demands, Defendant's contributory infringement of Plaintiff's copyrights is willful and deliberate and Defendant has demonstrated an intention to continue profiting at the expense of the Plaintiff.

43.     As a direct and proximate result of Defendant's contributory infringement of Plaintiff's copyrights and exclusive rights in the Infringed Copyrighted Works, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to copyrighted image infringed by Defendant's infringing reproductions, distributions, and public display, or such other amounts as may be proper under 17 U.S.C. § 504(c).  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on Plaintiff's lost profits and the disgorgement of Defendant's profits from infringement, which amounts will be proven at trial.

9

44.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

45.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## THIRD CLAIM FOR RELIEF
## VICARIOUS COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

46.     Plaintiff realleges paragraphs 1 through 45 above and incorporates them by reference as if fully set forth herein.

47.     Defendant controlled or supervised, or had the right to control or supervise the activities of the Third Party Distributors with respect to the Infringed Copyrighted Works.

48.     Defendant either controlled or supervised the infringing actions of the Third Party Distributors and/or failed to exercise its right to stop or limit the infringement by the Third Party Distributors.

49.     By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq*.

50.     As evidenced by its refusal to respond to Plaintiff's repeated demands, Defendant's vicarious infringement of Plaintiff's copyrights is willful and deliberate and Defendant has demonstrated an intention to continue profiting at the expense of the Plaintiff.

51.     As a direct and proximate result of Defendant's vicarious infringement of Plaintiff's copyrights and exclusive rights in the Infringed Copyrighted Works, Plaintiff is

DM2\7071232.1

entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each copyrighted image infringed by Defendant's infringing reproductions, distributions, and public display, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on Plaintiff's lost profits and the disgorgement of Defendant's profits from infringement, which amounts will be proven at trial.

52.    Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

53.    Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
### (17 U.S.C. § 1202)

54.    Plaintiff realleges paragraphs 1 through 53 above and incorporates them by reference as if fully set forth herein.

55.    Defendant has provided and distributed false copyright management information on one or more of the Infringing Works, falsely identifying Defendant, as opposed to the Plaintiff, as having a copyright interest in the Infringing Works, in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a).

56.     Upon information and belief, Defendant provided and distributed false copyright management information on one or more of the Infringing Works in order to facilitate or conceal the infringement of Plaintiff's Infringed Copyrighted Works.

57.     Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

58.     By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

59.     Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

60.     At its election, and in lieu of Defendant's profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

61.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

### FIFTH CLAIM FOR RELIEF
### BREACH OF CONTRACT
#### (Florida common law)

62.     Plaintiff realleges paragraphs 1 through 60 above and incorporates them by reference as if fully set forth herein.

DM2\7071232.1

63.     Each of the Agreements constitute a valid and enforceable contract between Plaintiff and Defendant.

64.     Plaintiff has fully performed under the contracts.

65.     Defendant has materially breached one or both of the contracts between it and Plaintiff by failing to pay Plaintiff certain royalties due under each contract and/or failing to pay Plaintiff in accordance with the contract terms.

66.     Defendant has materially breached one or both of the contracts between it and Plaintiff by sublicensing or otherwise granting rights in the Infringed Copyrighted Works to third parties outside the scope of the Agreements, and without Plaintiff's authorization.

67.     By reason of Defendant's breach of contract, Plaintiff has sustained and will continue to sustain substantial injuries.

WHEREFORE, Plaintiff demands judgment as follows:

A.     A declaration that Defendant has directly infringed Plaintiff's copyrights under the Copyright Act;

B.     A declaration that Defendant has indirectly infringed Plaintiff's copyrights under the Copyright Act by contributory infringement;

C.     A declaration that Defendant has in directly infringed Plaintiff's copyrights under the Copyright Act by vicarious infringement;

D.     A declaration that such infringement is willful;

E.     An audit of all Plaintiff's Copyrighted Works that were, at any time, transmitted or otherwise provided to Defendant by image file name, serial number, and any other identifying elements assigned either by Plaintiff or Defendant; all transactions by

DM2\7071232.1

Defendant or entities authorized by Defendant related to the works; and the current disposition of the works;

      F.      An accounting of all revenues earned by Defendant as a result of its reproduction, distribution, display, sublicensing or other use or exploitation of the Infringed Copyrighted Works, or any portion of the Infringed Copyrighted Works;

      G.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement;

      H.      A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally providing and distributing false copyright management information to conceal its infringement;

      I.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement and violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

      J.      A declaration that Defendant has breached its contract(s) with Plaintiff;

      K.      Awarding Plaintiff all damages resulting from Defendant's unlawful conduct in an amount to be established at trial;

DM2\7071232.1

L.    Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

M.    Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1117;

N.    Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

O.    Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, parents, subsidiaries and assigns, and all those in active concert and participation with Defendant, including Third Party Distributors, from:

(i)    directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from any of Plaintiff's Copyright Works or to participate or assist in any such activity; and

(ii)    directly or indirectly providing or distributing any false copyright management information in connection with, any of Plaintiff's Copyright Works.

P.    For such other and further relief as the Court may deem just and proper.

DM2\7071232.1

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated:  October 21, 2016

Respectfully submitted,

DUANE MORRIS LLP

By:

Karen C. Kline
Florida Bar No. 059998
5100 Town Center Circle, Suite 650
Boca Raton, FL  33486-9000
Telephone: (561) 962-2132
Facsimile: (305) 397 2248
Email: KCKline@duanemorris.com

Steven M. Cowley (*Pro Hac Vice to be submitted*)
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone: (857) 488-4261
Facsimile: (857) 401-3090
Email: SWCowley@duanemorris.com

*Attorneys for Plaintiff Michael Grecco Photography, Inc.*

DM2\7071232.1