UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL GRECCO PRODUCTIONS, INC.,     Civil Action No.: 3:16-cv-01335-MHM-PDB

    Plaintiff

v.

RGB VENTURES, LLC,

    Defendant.
_____/

**DEFENDANT'S, RGB VENTURES, LLC'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, RGB VENTURES, LLC ("Defendant" or "SuperStock"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) Fed. R. Civ. P. hereby files this Motion to Dismiss Plaintiff's First Amended Complaint ("Complaint"), and in support states as follows:

## I.   Introduction

1.    Plaintiff initiated this action against Defendant for copyright infringement and breach of contract. Ultimately, the copyright claims against Defendant fail because the allegations are in conflict with the attached exhibits and the allegations fail to state a claim.

2.    Defendant (d/b/a) SuperStock operates the website http://www.superstock.com. Essentially, the website is a repository of photographs supplied by a number of different photographers, and the photographs are available for licensing.

3.    Plaintiff and SuperStock entered into two image distribution and licensing agreement: (1) Exclusive Contributor Agreement, effective June 7, 2012; and (2) Non-Exclusive Contributor Agreement, effective June 12, 2012 (collectively, "Agreements"). A copy of the Agreements are attached as Exhibit A. *See* [DE 7-1].

4.     At its core, Plaintiff's issue with Defendant is, at best, a breach of contract claim. Instead, Plaintiff is attempting to ignore the Agreements' terms attached as an Exhibit to the Complaint that negates Plaintiff's causes of action.  As discussed in more detail below, the Parties entered into the Agreements, considered the issues now complained of, and absolved Defendant.

5.     On November 23, 2016, Plaintiff filed its First Amended Complaint.  [DE 7] Plaintiff asserts five (5) causes of action: (1) direct copyright infringement (17 U.S.C. § 101 *et seq.*); (2) contributory copyright infringement (17 U.S.C. § 101 *et seq.*); (3) vicarious copyright infringement (17 U.S.C. § 101 *et seq.*); (4) violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202); and (5) breach of contract (Florida common law).

6.     On December 27, 2016, this Court endorsed an order granting an extension to respond to the Amended Complaint by January 10, 2017.  [DE 12].

7.     For the reasons set forth herein, Defendant moves this Honorable Court to dismiss Counts I-V of the Complaint.

## II.   Memorandum of Law

### A.   *Motion to Dismiss Standard*

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).  Furthermore, they must accept all factual allegations contained in the complaint as

true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L.Ed. 2d 1081 (2007).

The tenet that a court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions. In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Thus, courts must first eliminate any allegations in the complaint that are merely legal conclusions. Then, where there are well-pleaded factual allegations, the court must assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. The courts may infer from the factual allegations in the complaint obvious alternative explanations which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *See Mattison v. Homecomings Financial, LLC*, 2012 WL 279447, *2 (M.D. Fla. 2012), *citing Ashcroft*, 129 S.Ct. at 1950-52.

Further, pursuant to Fed.R.Civ.P. 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Where there is a conflict between allegations in a pleading and the attached exhibits, it is well settled that the exhibits control. Where the exhibits reveal facts which foreclose recovery as a matter of law, dismissal of the complaint is appropriate. *See Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189 (11th Cir. 2007).

### B.     Motion for More Definite Statement Standard

Pursuant to Fed.R.Civ.P. 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

3

### *C.     Argument*

The majority of Plaintiff's allegations are in conflict with the Agreements. Therefore, the allegations and negating contract provisions will be discussed below and incorporated under each claim.

#### 1.     Plaintiff's Copyright Infringement Claims Should Be Dismissed

Plaintiff alleges the parties entered into the Agreements for SuperStock to essentially market and license Plaintiff's pictures worldwide. Compl. ¶¶ 10-12. The Agreements were terminated approximately December 2, 2013. Compl. ¶ 19. Upon termination, SuperStock may continue to exercise the licenses rights in this agreement for 18 months (Survival Term"). Compl. ¶ 20. Accordingly, the Survival Term would expire on or about June 2, 2015.

Plaintiff Complaint continues by describing separate issues. The crux of Plaintiff's dispute with Defendant is the alleged failure to make all payments due. Compl. ¶ 21. Unlike Plaintiff's allegations, the Agreements do not obligate Defendant to inform Plaintiff of a sublicense. Compl. ¶ 22. Rather, SuperStock provides Plaintiff with a royalty statement for fees collected. Agreements, Section IV. A. In other words, if SuperStock does not get paid, neither does Plaintiff. Nevertheless, Plaintiff was paid. Compl. ¶ 24. Payment of royalties is a contract issue, not copyright.

In the Complaint, Plaintiff identifies the Third Party Distributors listed in Annex A to the Non-Exclusive Contributor Agreement as "the SuperStock Distributors." *See* [DE 7] ¶ 11. In the Agreements, Section I (M) defines "**Third Party Distributor**" as "any affiliate, partner, distributor or marketing entity with which SuperStock enters into a marketing and sub-license agreement for the promotion, distribution and licensing of Content." Likewise, the Agreements'

General Provisions section, B, labeled Independent Contractor, the parties agreed that nothing in the Agreements creates an agency relationship.

Next, Plaintiff alleges the Defendant used an unauthorized distributor. Compl. 29-31. Specifically, Plaintiff alleges ImageSelect received Plaintiff's Copyrighted Works during the term and/or Survival Term of the Non-Exclusive Contributor Agreement. Compl. ¶ 31. Plaintiff granted Defendant the right to sub-distribute Contributor's Content to the Third Party Distributors, and Third Party Distributors can grant sublicenses to their clients. *See* Agreements, Section III (A). Defendants right to sublicense and modify the Credits contradicts Plaintiff's conclusory allegations. Nevertheless, a distributor not listed or failure to request an amendment is a contractual issue.

Finally, despite contractual terms, Plaintiff claims that Defendant should somehow be liable for anyone's infringing conduct—despite lack of control—that ultimately was distributed through Defendant. Critically, Defendant is not responsible for what the distributors do with the Content. *See* Agreements, Section III (D).

> "Contributor acknowledges that the Content…may be licensed by third parties…SuperStock cannot take responsibility for the compliance by licensees of the terms of such agreements, and Contributor acknowledges and agrees to the possibility of Content being used in a manner that is not contemplated in this Agreement or the EULA. Contributor also agrees SuperStock shall have no liability to Contributor…for any breach by a licensee of the terms of any agreement respecting the Content."

Simply put, Plaintiff agreed to the above conditions when it submitted its Content.

### a)     Copyright Infringement

To state a claim for copyright infringement, a plaintiff must show "(1) it owns a valid copyright in the [work] and (2) defendants copied protected elements from the [work]." *Smith v. Casey,* 741 F.3d 1236, 1241 (11th Cir.2014) (internal quotation marks and citation omitted) (alteration in original).  A copyright owner may bring a claim for infringement against a licensee whose actions exceed the scope of the license.  *Tingley Sys., Inc. v. HealthLink, Inc.*, 509 F. Supp. 2d 1209, 1217 (M.D. Fla. 2007) (citing *Leutwyler v. Royal Hashemite Court of Jordan,* 184 F.Supp.2d 303, 306 (S.D.N.Y.2001)).  "Principles of contract law are generally applicable in the construction of copyright ... licenses and other transfers of rights." 3 *Nimmer on Copyright* § 10.08 (2001).

Plaintiff's attempt to allege direct copyright infringement against Defendant is solely based on Science Faction. Compl. ¶¶ 35, 45.  Attached as Complaint Exhibit D, Plaintiff provides screenshots allegedly demonstrating Defendant's unauthorized reproductions, distributions and public displays of the Infringed Copyrighted Works. *See* [DE 7-5].  There are absolutely no screenshots from SuperStock or, for that matter, Science Faction.  Rather, the screenshots are from the following websites: http://www.imageselect.eu; http://www.glowimages.com; and https://www.mauritius-images.com. As stated in the Agreements, Plaintiff acknowledged and agreed that SuperStock is not responsible for misuse of Content by others.  *See* Agreements, III D.  Therefore, there is a conflict between Plaintiff's allegations and Complaint Exhibit D, and it is well settled that the exhibits control.  *See Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189 (11th Cir. 2007).

Because there is no direct infringement by SuperStock, Plaintiff attempts to sweep other entities under the direct responsibility of SuperStock.  In Complaint paragraph 46, Plaintiff

6

alleges the Defendant, the disclosed principal of the identified agents, the SuperStock Distributors, and its unauthorized agent ImageSelect, is directly responsible for their infringing actions. Compl. ¶ 46. This allegation, on its face, does not constitute a direct infringement. None of those entities are the Defendant. A direct infringement claim is alleged against the named defendant that copied the work—here, RGB VENTURES, LLC. Accoridngly, Plaintiff's Complaint fails to state a claim for direct infringement.

### b) Contributory Infringement

To establish a prima facie case of contributory copyright infringement, a plaintiff must establish: (1) a direct infringement, (2) the defendants had knowledge of the direct infringement, and (3) the defendants intentionally induced, encouraged or materially contributed to the direct infringement. 17 U.S.C.A. § 101 *et seq*. *Lifetime Homes, Inc. v. Residential Development Corp.*, 510 F. Supp. 2d 794 (M.D. Fla. 2007). To "induce," in this context, means to "distribute[ ] a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936-37 (2005).

In Count II, Plaintiff appears to—although not clear—take issue with the infringing conduct of the SuperStock Distributors and Image Select. But, the allegations are insufficient to plausibly support the third prong of contributory copyright infringement. Complaint paragraph 56, among others, is a legal conclusion that does not withstand the motion to dismiss standard to support prong three. *See Mattison v. Homecomings Financial, LLC*, 2012 WL 279447, *2. The remaining allegations in the cause of action fail to meet prong three's intentional inducement standard. As alleged, it seems after the Agreements' term expired, Defendant continued to permit and failed to take action against entities not within its control. Compl. ¶¶ 54-55. Yet, in

7

the Agreements, Plaintiff acknowledges Defendant does not have control over others compliance and it is Plaintiff's right to take action.  *See* [DE 7-1], Agreements III (D), (E).   Finally, Defendant allegedly failing to take action is not a clear expression or other affirmative step as addressed in *Grokster.*

Alternatively, Plaintiff should amend this cause of action so Defendant can reasonably respond.

### c)   Vicarious Copyright infringement

A claim of vicarious copyright infringement arises against one who profits from another's direct infringement while declining to exercise a right to stop or limit it. *Cambridge University Press v. Patton*, 769 F.3d 1232 (11th Cir. 2014).  Vicarious infringement of a copyright occurs when a defendant profits directly from an infringement and the defendant has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement. 17 U.S.C. § 101. *Sieger Suarez Architectural Partnership, Inc. v. Arquitectonica Intern. Corp.*, 998 F. Supp. 2d 1340 (S.D. Fla. 2014).

Here, Plaintiff's vicarious copyright infringement claim fails because the allegations are once again contradicted by the Agreements.  Plaintiff alleges Defendant controlled or supervised, or had the right to control or supervise, the activities of Science Faction, and its agents, the SuperStock Distributors and ImageSelect.  Compl. . ¶ 64.  Plaintiff agreed and acknowledged, however, that Defendant cannot be responsible for the Licensees.  *See* Agreements [DE 7-1], Section III D.   As such, the Agreements facts control.  More importantly, the claim fails to allege the Defendant profited directly from an alleged infringement.  Rather, Plaintiff alleges Defendant "demonstrated an intention to profit."  See Compl. ¶ 66.  Accordingly, Plaintiff's vicarious copyright infringement claim must be dismissed for failure to state a claim.

8

### d) Violation of the Digital Millennium Copyright Act

Plaintiff fails to state a claim for violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202) ("DMCA"). Pursuant to DMCA Section 1202(a), it is prohibited to knowingly and with the intent to induce, enable, facilitate, or conceal infringement, (1) to provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false. *See* 17 U.S.C. § 1202. In the Complaint, Plaintiff alleges the copyright management information ("CMI") is false because the Infringed Copyrighted Works identifies Defendant as having a copyright interest in the work. Notably, the allegations in this claim do not include a timeframe as to whether this was within the Agreements term and Survival Term.

Here, the Contracts contradict Plaintiff's allegations because credit—namely, CMI—was negotiated by the Parties. Specifically, under section II(G), labeled Credit, it states SuperStock may include SuperStock's name or Third Party Distributors' name as the source of the Content. More importantly, the Contracts Credit section unequivocally states "SuperStock shall not be responsible if its licensees or Third Party Distributors fail to use credit or properly credit Contributor along with the Content." See [De 7-1], pp. 4, 27. In Agreements section III (C), Plaintiff further agrees SuperStock can "add or amend keywords, titles, descriptions and metadata to Content, and digitally watermark the Content in both a visible and invisible manner." Plaintiff accepted the terms of the Agreements and knew the CMI may reflect SuperStock or Third Party Distributors. Under DMCA, the definition of the term "copyright management information" means the identity of Plaintiff conveyed in connection with the work. *See* 17 U.S.C.A. § 1202 (c). Accordingly, the Contracts makes it factually impossible to support a claim for violation of DMCA and dismissal is appropriate.

## III. Conclusion

WHEREFORE, the Defendant, RGB VENTURES, LLC, respectfully requests this Honorable Court to grant this Motion to Dismiss Plaintiff's Complaint, Count I-V; alternatively, grant the Motion for a more definite statement; and for all other relief deemed just and proper.

Dated this 10th Day of January, 2017.

                                                     LYDECKER DIAZ, LLC
*Attorneys for Defendant*
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Tel: (305) 416-3180
Fax: (306) 416-3190

By: */s/ Brian Perreault*
    BRIAN PERREAULT, ESQ.
    Florida Bar No. 89193
    Email: *bp@lydeckerdiaz.com*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Copies of the foregoing will be served by electronic notification to: Karen C. Kline, Esq., Duane Morris LLP, 5100 Town Center Circle, Suite 650, Boca Raton, FL 33486, KCKline@duanemorris.com, Steven M. Cowley, SMCowley@duanemorris.com, *Attorneys for Plaintiff.*

                                                        */s/ Brian Perreault*
                                                        BRIAN PERREAULT