IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:16-cv-01335-MMH-PDB

MICHAEL GRECCO PRODUCTIONS, INC.,

      Plaintiff,

vs.

RGB VENTURES, LLC,

      Defendant.

_____/

## PLAINTIFF'S MOTION TO HOLD DEFENDANT IN CONTEMPT FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR APPROPRIATE SANCTIONS

Plaintiff MICHAEL GRECCO PRODUCTIONS, INC. ("*Plaintiff*"), by and through its counsel, Duane Morris LLP, and pursuant to Fed. R. Civ. P. 37(b)(2)(A) and M.D. Fla. L. R. 3.04(a), hereby moves this Honorable Court to hold RGB VENTURES, LLC ("*Defendant*") in contempt for failure to comply with the Court's Order [D.E. 22] and for appropriate sanctions, and as grounds in support thereof states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1.      This action arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and the Digital Millennium Copyright Act, 17 U.S.C. § 1202, and specifically involves the alleged direct, contributory and vicarious copyright infringement, as well as the false application of copyright management information by Defendant of over 1,700 of Plaintiff's copyrighted photographic images. Plaintiff initiated this action on October 24, 2016 and filed its First Amended Complaint on November 23, 2016. [D.E. 1 and 7].

2.      The parties previously appeared before the Court on August 23, 2017 at the hearing on Plaintiff's Motion to Overrule Objections, Compel Discovery, and for Attorney's Fees and Costs [D.E. 22] (***"Plaintiff's Motion"***) occasioned by Defendant's failure to appropriately respond to Plaintiff's First Set of Interrogatories and First Set of Requests for the Production of Documents and Things (***"Plaintiff's Requests"***) or otherwise participate in discovery.

3.      On the same day, the Court entered an Order (the ***"Court's Order"***) granting Plaintiff's Motion, overruling all of Defendant's objections, and directed the Defendant to, among other things, "(1) completely and appropriately answer the plaintiff's first set of interrogatories under oath, (2) either produce the documents requested in the plaintiff' first set of requests for production of documents and things or provide a binding statement under oath that the documents do not exist . . ." by September 8, 2017.  [D.E. 28].

4.      Most importantly, in addition to the directive noted above, the Court forewarned Defendant that if it ***"fails to provide the discovery as directed, an order to show cause why default judgment should not be entered or other sanctions imposed may be entered."*** *Id.* (emphasis added).

5.      Due to the advent of Hurricane Irma and its statewide impact, the Court twice extended Defendant's time to comply with the Court's Order and gave it until September 15, 2017 to respond to Plaintiff's Requests. [D.E. 30 and 34].

6.      At 12:01 a.m. on September 14, 2017, Defendant served its Amended Responses to Plaintiff's Requests and produced approximately 646 non-Bates numbered documents via a Dropbox link. *See* **Exhibit A**.

7.      In a blatant disregard for the Court's Order, Defendant's served Amended

2

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

Responses that were virtually identical to its initial responses that the Court ruled were insufficient and improper. For example, Defendant's Amended Response to Plaintiff's First Set of Requests for Production of Document contained the same response as before in that: "Defendant will produce copies of documents responsive to this request for production no later than a reasonable time agreed to by Plaintiff." *Id.* Likewise, Defendant's Amended Response to Plaintiff's First Set of Interrogatories contained the same previously overruled objections with limited substantive changes from its initial response and were signed and verified on August 23, 2017—the same day the Court's heard argument on Plaintiff's Motion. *Id.* Knowing this, Defendant persisted in its refusal to serve its Amended Responses to Plaintiff's First Set of Interrogatories immediately following the hearing and went on to ask the Court for multiple unnecessary extensions of time.

8.       In further disregard for the Court's Order, Defendant served Plaintiff's counsel with a privilege log along with its Amended Responses despite the Court overruling *all* of its objections and knowing that it failed to raise or preserve any objections on the basis of privilege in its initial response or at the hearing on Plaintiff's Motion. *See* **Exhibit B**. Moreover, this privilege log did not identify any of the documents being withheld by Bates number nor did it indicate the date, author, or recipient of any the emails noted therein. And, the document descriptions contained generic non-informative statements such as "Email regarding Grecco" and "Email regarding Grecco events." *Id.*

9.       Thereafter, on September 15, 2017, Defendant served its Second Amended Response to Plaintiff's First Set of Request for Production of Documents, which identified responsive documents produced by Bates number, and a second (although not labeled as an amendment, but this time unsigned) privilege log disclosing for the first time that Defendant has

withheld over two thousand (2,000) pages of responsive documents based upon its assertion of attorney-client and work-product privileges as well as on the basis that certain documents were "confidential commercial information." *See* **Exhibit C**. Defendant also made another production of documents containing Bates numbers via a Dropbox link.

10.     On the same day, Defendant filed a Notice of Compliance with the Court certifying its compliance with the Court's Order. [D.E. 36].

11.     On September 20, 2017, Plaintiff's counsel informed counsel for the Defendant of some preliminary concerns with its document production and representation made to the Court in its Notice of Compliance. Specifically, Plaintiff's counsel pointed out that Defendant's amended response to Plaintiff's Request No. 34 was insufficient as the document identified as RGB 005448 was not responsive to Plaintiff's request for Defendant's financial records and asked where such records could be located within the production set.

12.     Continuing to find Defendant's document production lacking, on October 5, 2017, Plaintiff's counsel raised another serious concern that Defendant may not have fully produced its records showing the distribution of Plaintiff's Copyrighted Works to an entity referred to as Hollandse-Hoogte[1] and all transactions generating licensing revenue for the Defendant. Based upon the Defendant's instruction to Hollandse-Hoogte to modify its sales report to remove

---

[1] Defendant appears to have distributed hundreds of Plaintiff's Copyrighted Works to Hollandse-Hoogte, although that entity was not a disclosed distributor authorized to received Plaintiff's Copyrighted Works under the terms of the parties' Contributor Agreements. This is the same situation that gave rise to Plaintiff's direct infringement claim against the Defendant for the unauthorized distribution of the Copyrighted Works to ImageSelect. [D.E. 7, ¶¶ 29-41; D.E. 32, pgs. 5, 11-13].

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

reference to its distribution of the Plaintiff's Copyrighted Works in March 2017 (months after this litigation was commenced), Plaintiff immediately requested to meet and confer to address the apparent spoliation issue these emails revealed, in addition to the other discovery deficiencies noted with Defendant's Amended Responses.[2]

13.     On October 9, 2017, the parties conferred via telephone regarding the deficiencies noted with Defendant's Amended Responses to Plaintiff's Requests, including the Hollandse-Hoogte document issues. During the conferral, Plaintiff expressed its concerns with Defendant's failure to provide full and complete responses to Plaintiff's Interrogatories Nos. 1 through 10 as well as the documents noted on Defendant's privilege logs as being withheld on the basis of privilege and "confidential commercial information."

14.     Also during the parties' conferral, Defendant agreed to provide a Second Amended Response to Plaintiff's First Set of Interrogatories; however, it has since failed to provide any amendment and has refused to act on Plaintiff's counsel's demand that the Defendant correct its certification of compliance with the Court's Order to reflect the lack of complete discovery responses.

15.     Despite the parties' conferral, Defendant maintains that it is entitled to withhold the more than two thousand pages of documents listed on its second privilege log, even though the Court's Order clearly overruled all objections, without exception, and its failure to seek clarification or reconsideration of that Order based on its new-found "privilege" and other

---

[2]   Issues regarding Defendant's communications with Hollandse-Hoogte and the apparent instruction to modify records revealing acts of infringement are addressed separately in Plaintiff's forthcoming Motion for Spoliation Sanctions.

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

DM2\8254864.1

objections.

16.     Accordingly, Defendant's certification to the Court was inaccurate, as Defendant's Amended Responses, privilege log, and document production do not comply with the letter and spirit of the Court's Order. Further, Plaintiff submits that Defendant should be held in contempt and sanctioned for its cavalier failure to comply with its discovery obligations and this Court's August 23, 2017 Order.

## MEMORANDUM OF LAW

17.     Where, as here, a party fails to comply with a court's discovery orders, Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery. . . the court where the action is pending may issue further just orders. They may include the following: (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part . . . (vi) rendering default judgment against the disobedient party; or (vii) ***treating as contempt of court the failure to obey any order*** . . . .

Fed. R. Civ. P. 37(b)(2)(A) (emphasis added). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *U.S. v. One 2004 26' Angler Vessel*, 2008 WL 360603, at *1 (M.D. Fla. Feb. 8, 2008) (quoting *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). In addition to its authority under Rule 37, "[a] trial court has the inherent power to impose sanctions for a party's failure to comply with court orders or the Federal Rules of Civil Procedure." *Harris Corp. v. Fed. Express Corp.*, 2010 WL 11474444, at *1 (M.D. Fla. Mar. 3, 2010) (citing *Zocaras v. Castro.* 465 F.3d 479, 490 (11th Cir. 2006)). Moreover, "if a Court Order is obtained compelling discovery, unexcused failure to comply with such an order is treated by the Court with special gravity and disfavor." *Altimas v.*

*Whitney*, 2012 WL 6615928, at *1 (M.D. Fla. Nov. 30, 2012); Cake *v. Casual Concepts, Inc.*, 2017 WL 3917001, at * 6 (M.D. Fla. Aug. 16, 2017) (Barksdale, J.) (quoting Middle District Discovery Handbook § I.E.3).

**A. Defendant Failed to Either Produce the Documents Requested in Plaintiff's First Set of Requests for Production of Documents and Things or Provide a Binding Statement Under Oath that the Documents Do Not Exist**

18.     Perhaps in its most egregious display of defiance of this Court's Order, Defendant unilaterally decided that it can withhold thousands of documents from production on the basis of attorney-client and work-product privileges as well as on the basis that the documents are "confidential commercial information," despite the Court's express instruction that Defendant "either produce the documents and things or provide a binding statement under oath that the documents do not exist ...." [D.E. 22].

19.     First, it is worth noting that Defendant neither raised nor preserved any objections based upon attorney-client or work-product privilege in its initial response to Plaintiff's First Set of Requests for Production of Documents and Things.

20.     Moreover, at the hearing on Plaintiff's Motion, which would have been the time to bring any unstated objections to the Court's attention, Defendant's counsel did not argue, raise, or attempt to preserve any objections based upon attorney-client or work-product privileges.

21.     In the Court's Order, the Court expressly overruled *all* of Plaintiff's objections to Plaintiff's First Set of Requests for Production of Documents and Things in unequivocal terms based, in part, upon the waiver resulting from Defendant's untimely responses thereto. [D.E. 22]. Defendant did not object to or otherwise challenge the Court's Order after being given an

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

opportunity to do so.

22.     Interestingly enough, Defendant's Amended Response to Plaintiff's First Set of Requests for Production of Documents and Things also did not contain any objections or reservation of rights based upon the attorney-client or work-product privileges.

23.     Then, in its Second Amended Response to Plaintiff's Request for Production, Defendant included the following boilerplate objection in the prefatory language of its response:

> **To the extent that any request calls for documents protected by the work product or attorney client privilege or accountant client or any other applicable privileges or immunities, Defendant objects. Potentially responsive privileged information is identified in Defendant's privilege log. Without waiving any privileges objections or immunities, documents responsive are, to the extent identifiable without needless repetition, attached hereto as identified below. Furthermore, as discovery obligations are ongoing, Defendant reserves the right to supplement this response as additional information becomes available. Without reference to any response, Defendant does not concede the admissibility of any document provided in response to this request.**

*See* **Exhibit C**.   Beyond this boilerplate objection and statement on waiver, Defendant did not specifically object to any of Plaintiff's individual document requests.

24.     Defendant's belated attempt to assert privilege objections falls flat for several reasons. First, Defendant cannot unilaterally raise objections to discovery it was under court order to produce.   Second, Defendant cannot cure the waiver of its objections due to the untimeliness of its initial response. Fed. R. Civ. P. 34(b)(2)(A) ("[t]he party to whom the request is directed must respond in writing within 30 days after being served. . ."). Third, assuming it could object at this point (which it cannot), the manner in which Defendant presented its boilerplate objection is not allowed. *See Spitznagel v. R & D Italia, LLC*, 2011 WL 13143144, at *2 (M.D. Fla. Apr. 14, 2011) ("Parties are not permitted to assert these types of conclusory, boilerplate objections that fail to

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

Case 3:16-cv-01335-MMH-PDB   Document 43   Filed 10/17/17   Page 9 of 22 PageID 1058

Case No.: 16-cv-01335-MMH-PDB

explain the precise grounds that make the request objectionable.").

25.     If Defendant had a good-faith basis to question whether the Court's Order meant what it said and prohibited the withholding of any documents based on its purported claims of privilege and "confidentiality" objections, the Defendant was obligated to request clarification or reconsideration from the Court. Instead, Defendant unilaterally granted itself an exception to the Court's Order's requirements and forced the Plaintiff to return to Court to chase the two thousand plus pages of withheld documents.

26.     It is also worth noting that Defendant's second privilege log, which finally disclosed the vast collection of withheld documents, is not signed by counsel[3] and does not contain all of information required by the Middle District of Florida in that each document listed does not identify: "(a) The name and job title or capacity of the author; (b) The name and job title or capacity of each recipient; (c) The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); (d) The title and description of the document; (e) The subject matter addressed in the document; (f) The purpose(s) for which it was prepared or communicated; and (g) The specific basis for the claim that it is privileged." *Roger Kennedy Const., Inc. v. Amerisure Ins. Co.*, 2007 WL 1362746, at *1 (M.D. Fla. May 7, 2007). Plaintiff's counsel repeatedly has brought this deficiency to Defendant's attention, but despite promises that the missing information will be looked into, no supplementation has yet been provided and Plaintiff cannot even identify how many of the numerous withheld documents were

---

[3] Fed. R. Civ. Proc. 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name ...." Defendant's second "Privilege Log" violates this requirement.

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

DM2\8254864.1

shared with the distributors, or other third parties, who would fall outside the scope of any privilege.

27.     Furthermore, Defendant's refusal to disclose responsive documents on the basis of "confidential commercial information" is wholly improper.  As the court observed in *Gonzalez v. ETourand Travel, Inc.*, there is no known "statute, rule, or case authority for the proposition that documents are not discoverable simply because they contain confidential or sensitive information." 2014 WL 1250034, at *4 (M.D. Fla. Mar. 26, 2014).

28.     Defendant's decision to unilaterally withhold thousands of pages of documents from production is a serious violation of the Court's Order and greatly prejudices Plaintiff's ability to fully prosecute its case.   Indeed, "[i]t is not the court's role, nor that of opposing counsel, to drag a party kicking and screaming through the discovery process." *U & I Corp. v. Adv. Med. Design, Inc.*, 251 F.R.D. 667, 676 (M.D. Fla. 2008).

29.     Defendant should be held in contempt of the Court's Order and sanctioned for its contumacious behavior and serial violations of its discovery obligations in this litigation.

**B.     Defendant Failed to Comply with the Court's Order Directing It to Completely and Appropriately Answer Plaintiff's First Set of Interrogatories Under Oath**

i.     Defendant Failed to Completely Respond to Plaintiff's Interrogatory Nos. 1 through 4

30.     In its amended responses to Plaintiff's Interrogatory Nos. 1 thorough 4, Defendant fails to completely respond to requests designed to identify the witnesses from whom discovery must be obtained in order to test Defendant's argument that it is not responsible for the widespread infringement of Plaintiff's Copyrighted Works by distributors with whom Defendant works. Despite the obvious relevance of the testimony and related discovery that may be provided by

these distributors, Defendant only identifies its own employees and fails to include any information concerning persons with knowledge of the reproduction, distribution or display of Plaintiff's copyrighted photographs at the SuperStock Distributors (distributors identified in the Complaint as Defendant's agents who have displayed Plaintiff's Copyrighted Works without permission or authority, and many of whom mislabeled the copyright management information on the infringing images displayed), or the Other Distributors through whom Defendant conducted business:

### INTERROGATORY NO. 1:

Identify each Person with knowledge of Defendant's reproduction, distribution or display of any of the Copyrighted Works, including the current or last known contact information for each Person identified.

### Response:

Carolyn Nolte, current Defendant employee, have knowledge of Defendant's use of Plaintiff's Content (as defined in the Contracts attached to the Amended Complaint (Dkt. 7-1)). The individuals' contact information for business is 6620 Southpoint Drive South, Suite #501, Jacksonville, Florida 32216. To communicate or schedule a deposition with these individuals, please contact Defendant's attorney, Lydecker Diaz, Brian Perreault, Esq., 1221 Brickell Ave.,19th Floor, Miami, Florida 33131, bp@lydeckerdiaz.com, phone 305-416-3180.

Brian Edmonds, Head of Content/Fine Art/Vintage Specialist, 3720 Sea Hauk Street East, Jacksonville, FL 32224

Chris Lehman, former CTO, 43314 Fullerton Street, Ashburn, VA

Jill Johnson, accounting 26243 Willie Hodges Rd, Hilliard, FL 32046

Shelly Corbitt, former controller, 612 Picasso Ave. Ponte Verda, FL32081 [*sic*]

Marie Dennis, booker keeper, 4090 Hodges Blvd 1404, Jacksonville, FL 32224

### INTERROGATORY NO. 2:

Identify each Person with knowledge of the creation, reproduction, distribution or display of any of the Infringing Works, including the current or last known contact information for each Person identified.

11
**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

**Response:**

Through communications with Plaintiff, Carolyn Nolte, current Defendant employee, has knowledge of Plaintiff's allegations that Plaintiff's Content (as defined in the Contracts attached to the Amended Complaint (Dkt. 7-1)), may be in use without authorization. Carolyn Nolte is not aware of any Infringing Works by Defendant. The individuals' contact information for business is 6620 Southpoint Drive South, Suite #501, Jacksonville, Florida 32216. To communicate or schedule a deposition with these individuals, please contact Defendant's attorney, Lydecker Diaz, Brian Perreault, Esq., 1221 Brickell Ave., 19th Floor, Miami, Florida 33131, bp@lydeckerdiaz.com, phone 305-416-3180.

**INTERROGATORY NO. 3:**

Identify each Person with knowledge of the facts, circumstances or terms of any license to use or other transfer of any of the Copyrighted Works or Infringing Works to any of the SuperStock Distributors or Other Distributors.

**Response:**

Defendant's current employee, Carolyn Nolte, has knowledge of the license or transfer of Plaintiffs Content (as defined in the Contracts attached to the Amended Complaint (Dkt. 7-1)), to non-party distributors. Carolyn Nolte does not have any personal knowledge of any infringement. The individuals' contact information for business is 6620 Southpoint Drive South, Suite #501, Jacksonville, Florida 32216. To communicate or schedule a deposition with these individuals, please contact Defendant's attorney, Lydecker Diaz, Brian Perreault, Esq., 1221 Brickell Ave., 19th Floor, Miami, Florida 33131, bp@lydeckerdiaz.com, phone 305-416-3180. Likewise, the non-party distributors should have knowledge of the license or transfer of Plaintiff's Content. The individuals for the third party distributors who licensed or received Plaintiff's Content are identified within Defendant's copy of the agreements with the distributors.

Brian Edmonds, Head of Content/Fine Art/Vintage Specialist, 3720 Sea Hauk Street East, Jacksonville, FL 32224

**INTERROGATORY NO. 4:**

Identify each Person with knowledge of the facts, circumstances or terms of any license to use or other transfer of any of the Copyrighted Works or Infringing Works to any End User.

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

DM2\8254864.1

**Response:**

To the extent this interrogatory is reasonably understood, Defendant's current employee, Carolyn Nolte, has knowledge of the Defendant's licenses involving Plaintiff's Content (as defined in the Contracts attached to the Amended Complaint (Dkt. 7-1)) with Plaintiff, non-party distributors, or direct third parties. The individuals identified in the Third Party distributor agreements, to be produced with the production of documents, may have information. Defendant, however, does not transfer copyright, Defendant transfers the right to represent the Copyrighted Works for licensing under the terms of the Contract.

Also, the following former employees may have knowledge related to this interrogatory.

Brian Edmonds, Head of Content/Fine Art/Vintage Specialist, 3720 Sea Hauk Street East, Jacksonville, FL 32224

Chris Lehman, former CTO, 43314 Fullerton Street, Ashburn, VA

Jill Johnson, accounting 26243 Willie Hodges Rd, Hilliard, FL 32046

Shelly Corbitt, former controller, 612 Picasso Ave. Ponte Verda, FL32081 [*sic*]

Marie Dennis, booker keeper, 4090 Hodges Blvd 1404, Jacksonville, FL 32224

*See* **Exhibit A**.

31.     Except for the addition of Defendant's current and former employees Chris Lehman, Jill Johnson, Shelly Corbitt, and Marie Dennis, Defendant's responses to Plaintiff's Interrogatory Nos. 1 through 4 are substantively identical to its previous inadequate and unsigned initial response to Plaintiff's First Set of Interrogatories. *See* [D.E. 22, pgs. 79-82, 106-109].

32.     Based upon its document production, Defendant is aware of numerous non-party distributors with whom it worked to distribute Plaintiff's Copyrighted Works for a profit—for example, Hollandse-Hoogte, to whom it transferred hundreds of the Copyrighted Works without informing, or receiving authorization from, the Plaintiff.  Yet, Defendant does not identify a single person with whom it interacted at Hollandse-Hoogte or any other distributor for that matter,

DM2\8254864.1

impeding Plaintiff's follow-up discovery requests.  In essence, Plaintiff is forced to serve dozens of non-parties—many of whom are foreign companies with overseas headquarters—just to get discovery identifying the person(s) with knowledge of the relevant transactions and activities, many of whom may turn out to be U.S.-based employees.

33.    Compounding the problem previously addressed in Plaintiff's Motion concerning Defendant's inadequate Initial Disclosures and unsigned initial responses to Plaintiff's First Set of Interrogatories, Defendant avoids providing the information about the individuals with whom it actually works by evasively referring to individuals that are identified in "Third Party distributor agreements," but fails to identify any agreement by Bates number or indicate whether the particular individuals named in those agreements have any knowledge of any licensing transactions, infringing conduct, or other issues relevant to this matter.[4] *See* [D.E. 22, pgs. 72-74, 79-82, 106-109].

34.    Defendant's continued refusal to fully response to Interrogatory Nos. 1 through 4 is impeding Plaintiff's ability to serve discovery subpoenas on appropriate witnesses and otherwise prepare its case.

ii.    Defendant Failed to Completely Respond to Plaintiff's Interrogatory Nos. 5 and 6

35.    In its amended responses to Plaintiff's Interrogatory Nos. 5 and 6, Defendant

---

[4] It is worth noting that Plaintiff conducted a search of the documents produced by Defendant and was unable to locate any distribution agreement between Defendant and Hollandse-Hoogte.  In other words, Defendant shrugs off the request that it identify witnesses with knowledge by pointing to a stack of thousands of documents, claiming the information can be found somewhere within a series of contracts buried in the stack, and the very first search Plaintiff performed for a contract with a known infringer who received the Copyrighted Works from Defendant is nowhere to be found.

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

continues its pattern of stating that it will it will produce licenses and distributor agreements in lieu of properly answering the interrogatories:

### INTERROGATORY NO. 5:

Set forth the facts, circumstances, date and terms of each transaction in which a license or other permission to reproduce, display, distribute or otherwise use any of the Copyrighted Works or Infringing Works to any of the SuperStock Distributors or Other Distributors.

### Response:

A copy of the licenses with the third party distributor who received Plaintiff's Content from Defendant shall be produced with the production of documents. And distribution records to third party distributors will be produced in a spreadsheet as part of the document production.

### INTERROGATORY NO. 6:

Set forth the facts, circumstances, date and terms of each transaction in which a license or other permission to reproduce, display, distribute or otherwise use any of the Copyrighted Works or Infringing Works to any End User.

### Response:

The information requested for each transaction involving Plaintiffs Content by a third party distributor will be produced with the production of documents, including the third party distributors payment reports, Defendant's accounting records for Plaintiff, and royalty reports.

*See* **Exhibit A**.

36.     Defendant's amended responses to Plaintiff's Interrogatory Nos. 5 and 6 are so lacking in substance that Plaintiff is unable to derive any meaningful information.  Defendant does not explain the facts and circumstances surrounding any transactions with the Superstock or Other Distributors nor does Defendant indicate where any agreement, payment report, accounting records, or and royalty reports can be located in its production.

37.     Again, Defendant's refusal to completely answer Plaintiff's Interrogatory Nos. 5

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

and 6 seriously impacts Plaintiff's ability to determine the scope and extent of Defendant's infringing activity.

iii.   <u>Defendant Failed to Respond to Plaintiff's Interrogatory No. 7</u>

38.   Further illustrating its outright disregard for the Court's Order, Defendant's amended response to Plaintiff's Interrogatory No. 7 contains the same objection the Court deemed improper and overruled at the hearing on Plaintiff's Motion:

**INTERROGATORY NO. 7:**

Separately for each transaction referenced in Interrogatory Nos. 7 and 8, identify all amounts paid or received and each Person who paid and received such amounts.

**Response:**

Objection. Defendant objects to interrogatory no. 7 because it is vague. The interrogatory seeks information about transactions referenced in Interrogatory Nos. 7 and 8, however, neither Interrogatory Nos. 7 and 8 reference information about transactions. Based on the interrogatory, Defendant is not able to form a response.

*See* **Exhibit A**.

39.   Defendant's second attempt to avoid answering Plaintiff's Interrogatory No. 7 by exploiting an obvious and readily understandable typographical error already ruled upon by the Court is beyond comprehension and serves as another prime example of Defendant's sanctionable conduct.

40.   During the Parties' meet and confer to discuss Plaintiff's concerns with the amended discovery responses, counsel for the Defendant stated that, in light of Plaintiff's counsel's explanation of the typographical error, Defendant would provide a further supplemental response to Plaintiff's Interrogatory No. 7, but no supplementation has been provided.

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

iv.   <u>Defendant Failed to Appropriately Respond to Plaintiff's Interrogatory No. 8</u>

41.   In its amended response to Plaintiff's Interrogatory No. 8, Defendant starts by offering its typical reference to third-party distributor agreements without identifying where said agreements are located within its production.   Defendant then lists what is assumed to be its distribution practices and finishes its response with a statement regarding its image display. However, Defendant's response is difficult to follow and ends with a sentence that seemingly bears no relevance to Plaintiff's Interrogatory No. 8:

**<u>INTERROGATORY NO. 8:</u>**

State the full terms of the Defendant's policies and practices in place any time between January 1, 2012 and the present, concerning the licensing, reproduction, use, display, or distribution of any copyrighted material, trademark, or other intellectual property right owned by any Person other than the Defendant.

**<u>Response:</u>**

Licensing policies and practices for the third party distributors are found in the third party distributor agreements being produced, and the Defendant's website terms and conditions for the direct sales. Defendant is unaware of any change since 2012.

Regarding distribution,

1. Creative would request that a distribution is started

2. IT would generate of potential Images to distribute that have not already been.

3. Creative would review the and finalize the list.

4. IT would apply rulesets to determine which distributors were able to receive specific content and a final summary report was provided

5. Creative would ask for changes and agree on a final distribution.

6. Metadata files would be generated and images burned onto hard drives for mailing to distributors.

7. At regular intervals IT would run a reconciliation report between images that had been distributed and had been recalled on the website.

17
**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

Regarding display, as far as Defendant is aware, turning off images in the 2014 timeframe was a manual process requested of IT. While not targeting whether the image is live or not on the site it is a good indication of when the image was last touched.

*See* **Exhibit A**.

42.     Defendant's amended response to Plaintiff's Interrogatory No. 8 is inadequate to the extent it fails to fully state and explain the terms of its policies and procedures with respect to how it handles the intellectual property rights owned by other people and/or entities besides Plaintiff.

v.     Defendant Failed to Completely Respond to Plaintiff's Interrogatory Nos. 9 and 10

43.     Like its prior amended responses, Defendant's amended responses to Plaintiff's Interrogatory Nos. 9 and 10 are so lacking in detail that Plaintiff is unable to derive any meaningful information.  Defendant again refers to third-party distribution agreements without identify where the same can be located within its production.   In addition, Defendant simply refers to the website located at http://www.superstock.com without any statement that the terms and conditions listed on that website never changed throughout the entire time Defendant did business with the SuperStock and Other Distributors and transferred Plaintiff's Copyrighted Works:

**INTERROGATORY NO. 9:**

Separately for each of the SuperStock Distributors and Other Distributors, state the authority it has to establish the terms of a license or other transaction between that entity and any end user extending permission to use any copyrighted material, trademark or other intellectual property obtained from the Defendant.

**Response:**

Copies of the third party distributor agreements will be produced with the production of documents as stated in Defendant's responses to Plaintiff's request for documents. Defendant's agreements further refer to the terms and conditions on http://www.superstock.com under Licensing Agreements and Site Agreement

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

DM2\8254864.1

which will be produced with the document production.

**INTERROGATORY NO. 10:**

Separately for each of the SuperStock Distributors and Other Distributors, state the authority Defendant has to establish the terms of a license or other transaction between that entity and any end user extending permission to use any copyrighted material, trademark or other intellectual property obtained from the Defendant.

**Response:**

Copies of the third party distributor agreements will be produced with the production of documents as stated in Defendant's responses to Plaintiffs request for documents. Defendant's agreements further refer to the terms and conditions on http://www.superstock.com under Licensing Agreements and Site Agreement which will be produced with the document production.

*See* **Exhibit A**.

44.     Not only does the Defendant fail to identify the written agreements with each distributor by Bates number, Defendant fails to identify any other communications relating to the grant, or limitation, of authority bestowed upon each distributor to set terms for sub-licenses. Defendant also fails to state in its interrogatory response that no such communications exist.  In other words, Defendant has chosen to respond to this interrogatory that goes to the heart of its "lack of responsibility" affirmative defense by aimlessly pointing to unidentified written agreements, without ever committing that the full scope of each distributor's authority is set forth in a written agreement.  Since the very first agreement Plaintiff searched for in the stack of documents produced—an agreement between Defendant and Hollandse-Hoogte, who has recently been identified as a widespread infringer of Plaintiff's Copyrighted Works—and found no evidence of any contract, this interrogatory response is inaccurate and wholly lacking.  In short, Defendant's response fails to comply with this Court's direct Order.

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

DM2\8254864.1

**C.    Plaintiff is Entitled to Sanctions Pursuant to Federal Rule of Civil Procedure 37(a)(5)**

45.    In addition to the Court's inherent authority to sanction Defendant for its failure to comply with the Court's Order, Plaintiff also moves, pursuant to Rule 37(a)(5), Federal Rules of Civil Procedure, that Defendant be required to pay to Plaintiff the reasonable expenses, including attorney's fees incurred by Plaintiff in bringing the instant motion. *See Harris Corp.*, 2010 WL 11474444, at *1. Rule 37(a)(5) provides, that "'[i]f the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, . . . require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that . . . the opposing party's nondisclosure, response, or objection was substantially justified.'" *Gober v. City of Leesburg*, 197 F.R.D. 520 (M.D. Fla. 2000) (ordering sanctions because the information requested would lead to the discovery of admissible evidence pursuant to the former Fed. R. Civ. P. 37(a)(4), which is substantially the same as the current rule); *see also* Fed. R. Civ. P. 37(a)(5).

**WHEREFORE**, Plaintiff Michael Grecco Productions, Inc. respectfully requests that this Court issue an Order: (i) holding Defendant in contempt of the Court's August 23, 2017 Order on Plaintiff's Motion to Compel [D.E. 22]; (ii) sanction Defendant by striking all of its Affirmative Defenses; (iv) ordering Defendant to completely and appropriately answer Plaintiff's First Set of Interrogatories under oath; (v) requiring Defendant to produce the documents requested in Plaintiff's First Set of Requests for Production of Documents and Things, including and without limitation, all documents listed on its second Privilege Log; and (vi) awarding Plaintiff its reasonable attorney's fees and costs as a result of having bring the instant motion pursuant to Fed.

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

DM2\8254864.1

R. Civ. P. 37(a)(5).

## LOCAL RULE 3.01(g) PRE-FILING CERTIFICATION

As specified above, on October 9, 2017 counsel for Plaintiff made good-faith efforts in contacting opposing counsel in order to resolve the issues raised in this motion, but was unsuccessful. Even as to those issues where Defendant agreed to provide supplementation in response to Plaintiff's concerns, no supplementation was provided.

Dated: October 17, 2017

Respectfully Submitted,

**DUANE MORRIS LLP**

By:___ /s/ Julian A. Jackson-Fannin___
**Julian A. Jackson-Fannin, Esq.**
Fla. Bar No. : 93220
**Steven M. Cowley, Esq.**
Admitted *Pro Hac Vice*
200 South Biscayne Blvd., Suite 3400
Miami, FL 33131
Direct Tel:  305.960.2253
Direct Fax : 305.402.0544
Email:  JJFannin@duanemorris.com
*Counsel for Plaintiff*

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

DM2\8254864.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_/s/ Julian A. Jackson-Fannin_
Julian A. Jackson-Fannin

## SERVICE LIST

**Brian Perreault, Esq.**
Email: bp@lydeckerdiaz.com
**Stephen Hunter Johnson, Esq.**
Email: shj@lydeckerdiaz.com
**Lydecker Diaz, LLC**
1221 Brickell Avenue
19th Floor
Miami, FL 33131
Tel:  305.416.3180
Fax: 305.416.3190
*Counsel for Defendant*

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 • 305.960.2200

DM2\8254864.1