**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CASE NO.: 3:16-cv-01335-MMH-PDB

MICHAEL GRECCO PRODUCTIONS, INC.,

Plaintiff,

vs.

RGB VENTURES, LLC,

Defendant.
_________________________________________/

**PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS**

Plaintiff, MICHAEL GRECCO PRODUCTIONS, INC. ("***Plaintiff***"), by and through its counsel, Duane Morris LLP, and pursuant to Fed. R. Civ. P. 37(e), hereby moves this Honorable Court to impose sanctions on Defendant, RGB VENTURES, LLC ("***Defendant***" or "***RGB***") in order to remedy its failure to preserve relevant evidence as well as its direction that a material witness alter its intentional evidence of infringement that is at issue in this copyright case. As explained in greater detail below, months after this lawsuit was commenced, Defendant instructed Hollandse Hoogte, one of the distributors it uses to disseminate the contributed works of Defendant's clients (including Plaintiff's Copyrighted Works (as defined in the Amended Complaint) even though Hollandse Hoogte was not authorized to receive the Plaintiff's Copyright Works under the parties' contracts), to modify at least one sales record that otherwise evidences ongoing infringement of Plaintiff's claims of infringement, thereby, both violating its obligation to preserve relevant evidence and actively instructing the alteration of records to intentionally deprive Plaintiff of use of the information in this litigation. In order to remedy the resulting

prejudice, Plaintiff seeks an order requiring Defendant to (a) produce additional documents related to Hollandse Hoogte; (b) provide explanations under oath related to Hollandse Hoogte and Defendant's efforts to preserve documents and ESI with Hollandse Hoogte and each distributor with whom Defendant works; (c) provide explanations under oath regarding Defendant's internal steps to preserve documents and ESI; and (d) show cause why Defendant should not pay attorney's fees and costs and why further sanctions are not warranted.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. This action arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and the Digital Millennium Copyright Act, 17 U.S.C. § 1202, and specifically involves the alleged direct, contributory and vicarious copyright infringement, as well as the false application of copyright management information by Defendant of over 1,700 of Plaintiff's copyrighted photographic images. Plaintiff initiated this action on October 24, 2016 and filed its First Amended Complaint on November 23, 2016. [D.E. 1 and 7].

2. As described in more detail in Plaintiff's Motion to Hold Defendant in Contempt for Failure to Comply with the Court's Order and for Appropriate Sanctions ("***Motion for Contempt***") [D.E. 43], Defendant failed to appropriately respond to Plaintiff's First Set of Interrogatories or First Set of Requests for the Production of Documents and Things ("***Requests for Production***"). Plaintiff was forced to seek to compel Defendant's compliance with its discovery obligations.

3. As a result, the Court entered an Order (the "***Order***"), among other things, directing Defendant to "(1) completely and appropriately answer the plaintiff's first set of interrogatories under oath" and "(2) either produce the documents requested in the plaintiff' first set of requests

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 ▪ 305.960.2200

for production of documents and things or provide a binding statement under oath that the documents do not exist . . ." [D.E. 28]. This Order specifically advised Defendant that if it "***fails to provide the discovery as directed, an order to show cause why default judgment should not be entered or other sanctions imposed may be entered***." *Id.* (emphasis added).

4. In connection with its Amended Response and Second Amended Response to Plaintiff's First Request for Production of Documents, Defendant produced documents for the first time. These Amended Responses and the document production are insufficient and in direct violation of the Order both on their face, as discussed in detail in D.E. 43 (Motion for Contempt).

5. A preliminary review of the produced documents revealed two email chains related to Hollandse Hoogte, which appears to be a distributor that Defendant uses to disseminate the contributed works of its clients. The emails raise several issues, the most troubling of which are Defendant's failure to comply with the Court Order as well as Defendant's ordering Hollandse Hoogte to intentionally alter and destroy evidence relevant to this litigation. The emails are attached as Exhibits A and B.

6. **Exhibit A** is a one-page email exchange between Defendant's Jill Johnson and Brian Edmond, a senior content manager at RGB[1], in which Jill Johnson informed Brian Edmond that Hollandse Hoogte had provided a sales report reflecting one or more sales transactions in what appears to be December 2016 involving Plaintiff's Copyrighted Works. Although the Plaintiff is not identified by name, the numerical reference to "4407-3522" in the email aligns with the number

[1] The email references Jill Johnson's company as Superstock. Defendant, RGB Ventures, LLC, is otherwise known as "Superstock."

assigned to one of the Plaintiff's Contribution Agreements with the Defendant. [D.E. 7-1 at p. 13].

7. **Exhibit B** is the email chain in which Hollandse Hoogte sent its sales report to Defendant that presumably identified the transaction(s) involving Plaintiff's Copyrighted Works and in which Defendant instructed Hollandse Hoogte to "adjust [its] sales report and amounts due accordingly" due to "the denial of . . . images [including related to 4407-3522 (Plaintiff's numerical reference)] due to previous recall."

8. Plaintiff's counsel investigated Hollandse Hoogte's website recently and determined that there were over 1,500 of Plaintiff's Copyrighted Works on its website, identifying Defendant as the source. *See* **Exhibit C**, which contains examples of three of such images. Plaintiff's counsel has approximately 1,500 additional images downloaded from that website.

9. Hollandse Hoogte was not a disclosed distributor authorized to received Plaintiff's Copyrighted Works under the terms of the parties' Contributor Agreements. This is the same situation that gave rise to Plaintiff's direct infringement claim against the Defendant for the unauthorized distribution of the Copyrighted Works to ImageSelect, which was recently analyzed in the Court's Order denying Defendant's Motion to Dismiss. [D.E. 7, ¶¶ 29-41; D.E. 32, pgs. 5, 11-13]. Moreover, certainly by the beginning of 2017, *none* of the Defendant's distributors were authorized to receive, maintain, display, or transfer any of the Plaintiff's Copyrighted Works.[2] To Plaintiff's knowledge, no transactions or license revenue was ever reported or paid to the Plaintiff as a result of any Hollandse Hoogte transaction.

---

[2] Plaintiff terminated its Contributor Agreements with Defendant in December 2013, providing an 18-month sunset period for Plaintiff and its distributors to continue using Plaintiff's Copyrighted Works (i.e., until June 2015).

10. The contents of the two emails in Exhibits A and B demonstrate Defendant's violation of the Order by its continued failure to properly search for and produce all discovery responsive to Plaintiff's Requests for Production as well as its general failure to properly respond to Plaintiff's First Set of Interrogatories. First, Defendant did not produce the attachments to the emails in Exhibit B. The February 8, 2017 email correspondence from Hollandse Hoogte states that it attaches a "sales report," but Defendant did not produce the sales report attachment. Similarly, the March 2, 2017 email from RGB to Hollandse Hoogte references attaching "recall lists," yet Defendant did not produce the version of its email attaching such a list.

11. Defendant also did not produce the revised sales report requested by RGB in the March 2, 2017 email, any email(s) transmitting the revised sales report, any documentation explaining when or why the sales report was modified, any distribution agreement between RGB and Hollandse Hoogte, or any other document relating to Hollandse Hoogte.

12. Plaintiff had in fact requested the documents attached to the emails, all versions of sales reports for Defendant's distributors (which includes Hollandse Hoogte), and, in fact, all distributor records in its Request for Production (e.g., Request Nos. 1-2, 5-8, 19, 22, 23). These documents should have been produced not only in response to the original Requests for Production but also in compliance with this Court's Order requiring production of same. These two emails make clear that Defendant did ***not*** fully produce its records showing the distribution of Plaintiff's Copyrighted Works to Hollandse Hoogte (and likely other distributors) or all transactions generating licensing revenue for Defendant. This incomplete production certainly does not comply with the spirit and letter of the Court's Order. The resulting conclusion is that Defendant either failed to preserve its full email correspondence with attachments or it failed to retrieve and produce

those complete versions in the face of this Court's Order compelling that it do just that.

13. Yet, Defendant certified (by a Notice of Compliance) to the Court in September 2015 that it had complied with the Court's Order [D.E. 36].

14. Most problematically, the Hollandse Hoogte emails demonstrate spoliation. In March 2017, months after the October 2016 commencement of this lawsuit, Defendant instructed Hollandse Hoogte to modify its sales report to remove reference to its distribution of the Plaintiff's Copyrighted Works and to remove reference to any sales made by Hollandse Hoogte of Plaintiff's Copyrighted Works. This evidence directly relates to issues of direct infringement against Defendant for use of Plaintiff's Copyrighted Works.

15. Defendant not only failed to retain or produce complete original emails with attachments directly related to claims in this litigation and which were created long after Defendant had knowledge of the litigation, but also directed the alteration of a sales report by a distributor that indicates additional instances of infringement. Notably, Defendant did not turn over the original or updated versions of the sales report. This sanctionable behavior, in conjunction with Defendant's blatant contempt of the Court's Order, is the basis for this motion.

16. Based on the appearance of these spoliation records, on October 5, 2017, Plaintiff's counsel raised with defense counsel the concern that Defendant may not have fully produced its records showing the distribution for Plaintiff's Copyrighted Works to Hollandse Hoogte and all transactions generating licensing revenue for the Defendant as well as the issue of spoliation of records by Defendant. See October 5, 2017 email included in email chain attached as **Exhibit D**.

17. During the October 9, 2017 meet and confer between the parties and follow up communications, Defendant's counsel was unable to identify any documents relating to Hollandse

Hoogte produced by Defendant other than the two emails attached to this motion. *See* October 11, 2017 E-mail at 10:48 PM from Stephen Hunter Johnson included in Exhibit D. In conversations, defense counsel refused to answer whether or not Defendant ever gathered responsive documents from Hollandse Hoogte or any other distributor. Defense counsel further would not say whether anyone investigated the particular sales of Plaintiff's Copyrighted Works made by Hollandse Hoogte, whether Defendant had searched for the original or modified Hollandse Hoogte sales reports, or whether Defendant had reached out to Hollandse Hoogte to obtain the versions of its sales reports prior to and after the March 2017 email exchange. Defense counsel would not even confirm that Defendant looked into whether Hollandse Hoogte had terminated its sales of Plaintiff's Copyrighted Works.

18. The October 11th email from defense counsel indicates that Defendant has yet to determine whether it still has or can obtain the Hollandse Hoogte documents that are the subject of this motion or other Hollandse Hoogte documents requested by Plaintiff's counsel (such as any agreement between Hollandse Hoogte and Defendant concerning distribution of images, documents indicating when and how Hollandse Hoogte was provided with any of Plaintiff's Copyrighted Works) "or, if not, [the] documents can be restored or replaced." *See id*. This revelation of Defendant's need to continuing search established that, despite its September 2017 certification of compliance with the Court's Order [D.E. 36], Defendant has clearly violated the Court's Order to ensure full production of relevant documents. The further inference is that Defendant failed to take the reasonable steps to properly maintain and/or preserve these relevant documents as legally required.

19. Given the seriousness of the concerns raised by the Hollandse Hoogte email

exchange and the obvious awareness of this issue at the highest levels as revealed in the internal email exchange (Exhs. B and A, respectively), Plaintiff submits that defense counsel had a greater obligation to determine that evidence was being preserved than defense counsel is willing to acknowledge. Accordingly, Plaintiff seeks an order requiring Defendant to provide additional information related to Hollandse Hoogte and other distributors to allow Plaintiff access to the details relating to the distribution of Plaintiff's works to Hollandse Hoogte *and* to permit Plaintiff and the Court to ascertain the depth of the discovery violations and document concealment.

## MEMORANDUM OF LAW

### A. Legal Standard

Federal Rule of Civil Procedure 37 vests a court with inherent authority to impose sanctions where a party fails to cooperate in discovery. Fed. R. Civ. P. 37; *see also Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005); *Advantor Sys. Corp. v. DRS Tech. Servs., Inc.*, No. 6:14-cv-533-Orl-31DAB, 2015 WL 403308, at *6 (M.D. Fla. Jan. 28, 2015) ("[s]anctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information. While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request").

More specifically, Rule 37(e) provides for sanctions if a party fails to preserve electronically store information ("ESI"). The Rule provides that "[i]f electronically store

information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court . . . may order measures no greater than necessary to cure the prejudice" upon a finding of prejudice to another party resulting from the loss of the information. Fed. R. Civ. P. 37(e)(1). The intentional destruction of ESI provides for stricter sanctions. Fed. R. Civ. P. 37(e)(2).

Spoliation is the "intentional destruction" or the "the significant and meaningful alteration of a document or instrument" or "the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *See Graff v. Baja Marine Corp*., 310 Fed. Appx. 298, 301 (11th Cir. 2009); *Se. Mech. Servs., Inc. v. Brody*, 657 F.Supp.2d 1293 (M.D. Fla. 2009) (referencing *Green Leaf Nursery v. E.I. DuPont De Nemours & Co*., 341 F.3d 1292, 1308 (11th Cir. 2003). It occurs when a party intentionally or negligently breached its duty to preserve potentially discoverable evidence, although the severity of sanctions will depend on whether the destruction was negligent or intentional. *See Se. Mech. Servs., Inc.*, 657 F.Supp.2d at 1299; Fed. R. Civ. P. 37(e)(1) and 37(e)(2).

The imposition of sanctions is appropriate where there is evidence that a party's spoliation of evidence creates unfair prejudice for the opposing party and to "insure the integrity of the discovery process" and the Court. *Flury*, 427 F.3d at 944. Potential sanctions for spoliation include the requisite efforts to cure the prejudice, dismissal of a claim or granting judgment in favor of a prejudiced party, suppression of evidence, an adverse inference, and attorneys' fees and costs. *See* Fed. R. Civ. P. 37(e)(1) and 37(e)(2).

Additionally, a claim of spoliation requires the Court to conduct a two-part inquiry. *See*

Fed. R. Civ. P. 37(e); *see also Se. Mech. Servs., Inc.,* 657 F.Supp.2d at 1300-02. First, the Court must determine whether the conduct at issue constitutes spoliation. *Id*. If the Court agrees that spoliation has occurred, it must next consider the sanctions available to redress the situation. *Id*.

B. **<u>Defendant's Conduct Constitutes Spoliation</u>**

The United States Court of Appeals for the Eleventh Circuit has articulated a test based on Florida law to determine whether a party has engaged in spoliation. Namely, for missing, destroyed, or altered evidence, spoliation is established when a party seeking sanctions proves that: (1) the evidence existed at one time; (2) the alleged spoliator had a duty to preserve the evidence; and (3) the evidence was crucial to the movant's prima facie case or defense. *Se. Mech. Servs., Inc. v. Brody*, 657 F.Supp.2d at 1299 (citing *Golden Yachts, Inc. v. Hall*, 920 So.2d 777, 781 (Fla. 4th DCA 2006)).

Defendant's failure to produce the complete original emails with attachments related to unauthorized distributor Hollandse Hoogte (with the inference that these documents were not properly retained), let alone Defendant's instruction to Hollandse Hoogte to modify its sales report records raises the issue of spoliation. Based on a review of the elements under the Florida standard, Defendant spoliated the evidence of its transactions with Hollandse Hoogte related to Plaintiff's Copyrighted Works.

**<u>The Spoliated Evidence Existed at One Time</u>**

The two produced emails related to Hollandse Hoogte show that the evidence in question – the Hollandse Hoogte sales report and the recall lists referenced therein – clearly existed at one time. The February 8, 2017 e-mail from Hollandse Hoogte to Defendant entitled "Collection Report 1700019" includes a link to "Download sales report." *See* Exhibit B. Further, Defendant

clearly received the sales report since its employee, Jill Johnson, specifically requests in her March 2, 2017 email that Hollandse Hoogte "adjust [the] sales report and amounts due." *Id*. Additionally, in that same email, Jill Johnson states that "[a]ttached are copies of recall lists that need to be put into effect immediately." *Id.* There is no doubt that these pieces of evidence *did* exist.

**<u>Defendant Had a Duty to Preserve the Documents</u>**

Similarly, there is no doubt that Defendant had a duty to preserve these documents related to Hollandse Hoogte. Fed. R. Civ. P. 37(e) itself does not set forth a standard for preservation or the duty to preserve. However, within the Eleventh Circuit, a party is under a legal duty to preserve evidence if litigation was "pending or reasonably foreseeable" when the spoliation occurred." *Graff*, 310 Fed. Appx. at 301.

Here, there is no doubt that Defendant was under a legal duty to preserve evidence in February and March 2017. This lawsuit commenced in October 2016. Thus, the February 2017 and March 2017 emails including the sales report and recall lists were prepared during pending litigation *after* a duty to preserve attached. Defendant had an affirmative obligation to ensure that its employees not only preserved documents related to Plaintiff's Copyrighted Works but did not alter such documents.

As an aside, the alteration of documents occurred both *during litigation* and with the awareness by the highest levels of RGB of the issue of Hollandse Hoogte continuing to distribute Plaintiff's Copyrighted Works. Jill Johnson specifically flagged the sale(s) by Hollandse Hoogte of Plaintiff's Copyrighted Works for Brian Edmond, a senior content manager at RGB who should have full knowledge of the litigation and RGB's retention or discovery obligations. *See* Exhibit A (March 2, 2017 1:44 PM email). Within an hour after Ms. Johnson's email requesting assistance

from Mr. Edmond relating to Plaintiff's Copyrighted Works, she instructed Hollandse Hoogte to "adjust your sales report and amounts due accordingly." *See* Exhibit B (March 2, 2017 2:40 PM email).

Regardless, it is clear from the timing alone that this ESI evidence should have been preserved in the context of this litigation.

**The Spoliated Documents Are Relevant to Plaintiff's Claims in the Case**

Finally, the sales report and recall lists relate directly to Plaintiff's direct infringement claims against Defendant for the unauthorized distribution of Plaintiff's Copyrighted Works and are therefore directly relevant to Plaintiff's causes of action. The fact that Defendant distributed Plaintiff's Copyrighted works to Hollandse Hoogte, an entity that was not disclosed as a distributor to receive these images under the terms of the parties' Contributor Agreements, let alone sales of the images by Hollandse Hoogte, is additional evidence of Plaintiff's direct infringement. The sales report would also show Defendant's willful infringement by its intent to improperly profit by distributing Plaintiff's Copyrighted Works to unauthorized dealers to avoid paying Plaintiff transactions or license revenue. These documents clearly related to issues directly relevant to Plaintiff's allegations of direct copyright infringement of Plaintiff's copyrighted photographic images.

Therefore, since all three factors set forth by the Eleventh Circuit are satisfied, Defendant spoliated evidence.

C. **Spoliation and Other Sanctions Are Warranted**

Having established Defendant's spoliation, Plaintiff is entitled to remedies pursuant to Rule 37(e)(1) and 37(e)(2). Plaintiff has met the requirements of both Rule 37(e)(1) and 37(e)(2) and

therefore is entitled to a remedy thereunder – a requirement that (a) Defendant produce additional documents related to Hollandse Hoogte; (b) Defendant provide explanations under oath related to Hollandse Hoogte and Defendant's efforts to preserve documents and ESI with Hollandse Hoogte and each distributor with whom Defendant works; (c) Defendant provide explanations under oath regarding its internal steps to preserve documents and ESI; and (d) Defendant show cause why it should not pay attorney's fees and costs and why further sanctions are not warranted.

Rule 37(e)(1) provides that:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice.

Defendant's conduct easily satisfied the elements of this Rule: (1) the sales reports (original and modified) and recall lists were sent via email and electronic storage methods are clearly electronically stored information: (2) as demonstrated above, *see supra* at pp. 4-7, there is a strong inference that Defendant, at the least, failed to take reasonable steps to preserve the evidence at issue and certainly directly altered the evidence; and (3) it is impossible for Plaintiff to recreate these documents by means of additional discovery as the sales reports and recall lists themselves contain the direct and relevant evidence of infringement.

Further, Defendant's spoliation of the sales report (both original and potentially revised versions) and recall lists have prejudiced Plaintiff, as these documents are relevant to Plaintiff's claims of infringement. In order to show the required prejudice under Rule 37(e)(1), the moving party might show how such evidence affected its substantial rights and is prejudicial to the

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400, Miami, Florida 33131 ▪ 305.960.2200

presentation of the case.[3] *See Oil Equip. Co. Inc. v. Modern Welding Co Inc.*, 661 Fed.Appx. 646 (11th Cir. 2016). *see also Magnetar Techs. Corp. v. Six Flags Theme Park Inc*., 886 F. Supp. 2d 466, 481 (D. Del. 2012).

Here, Plaintiff can show the prejudice in putting forward its case. First, both the sales reports and the recall lists would show direct infringement through Defendant's allowing the sale of Plaintiff's Copyright Works by an unauthorized dealer *and* allowing the sale of Plaintiff's Copyrighted Works long after the termination of the Defendant's right to distribute and use Plaintiff's Copyrighted Works. These are issues directly relevant to Plaintiff's allegations of direct copyright infringement of Plaintiff's exclusive copyrights in the Copyrighted Works.

Thus, the lack of documents impacts Plaintiff's ability to determine and/or demonstrate to the fact-finder the full scope of Defendant's infringing activity, which is directly relevant to Plaintiff's causes of action. The initial sales report would show, among other things, additional infringement of Plaintiff's Copyrighted Works not already contemplated by the Amended Complaint. It would also show Defendant's intent to improperly profit by distributing Plaintiff's Copyrighted Works to unauthorized dealers to avoid paying Plaintiff transactions or license revenue. The improper discovery actions discussed in this Motion have prevented Plaintiff from

[3] Although the 2015 Amendment to Rule 37(e)(1) specifically mentions the requirement of "prejudice," this was previously a factor in the Eleventh Circuit in assessing whether spoliation sanctions are appropriate. *See Flury*, 427 F.3d at 945; *see also McLeod v. Wal-Mart Stores, Inc*., 515 F.App'x 806, 808 (11th Cir. 2013). Although *Flury* identifies five factors relevant to the analysis of sanctions ((1) prejudice; (2) whether the prejudice can be cured; (3) the practical importance of the evidence; (4) whether the other party acted in bad faith; and (5) the potential for abuse), due to the 2015 Amendment, this analysis has shifted into two types of sanctions, one under Rule 37(e)(1) and one under Rule 37(e)(2), each with a different analysis. In any case, the facts of this case are such that the five factors under Flury would be satisfied.

understanding the circumstances surrounding the sales transactions by Hollandse Hoogte and are likely preventing Plaintiff from uncovering additional instances of copyright infringement (by authorized or unauthorized distributors) which is of a great magnitude numerous instances of infringement alleged thus far.  Such conduct has clearly frustrated Plaintiff's ability to present the full picture of Defendant's infringement in support of Plaintiff's claims and is not permissible.  *See* Oil Equip. Co. Inc., 661 Fed.Appx. at 654 (depriving a party of an opportunity to provide a full defense, or conversely, put on a full case results in prejudice to that party); *see also* Fed. R. Civ. P. 37(e); Fed. R. Civ. P. 1 (noting that the Rules of Civil Procedure "should be construed, administered, and employed . . . to secure the just . . . determination of every action.").  Plaintiff is entitled to relief to cure this prejudice.

Rule 37(e)(1) authorizes a court to impose a sanction no greater than is necessary to counteract the prejudice resulting from spoliation.  A court's discretion in imposing sanctions under 37(e) is broad.  *See* 2015 Comments to Rule 37(e) ("There is no all-purpose hierarchy of the severity of various measure . . . Much is entrusted to the court's discretion"); *see also Flury*, 427 F.3d at 944 (a district court has "broad discretion" to impose sanctions, including spoliation sanctions).  Although the advisory committee's note to the 2015 Amendment makes certain suggestions of sanctions, there is no specific requirement and the Court may provide sanctions so long as it complies with the Rule itself.

Rule 37(e)(2) authorizes a court to impose more significant sanctions where the innocent party demonstrates that the spoliator acted with "intent to deprive another party of the information's use in the litigation."  Courts often find that an alleged spoliator acted with the requisite "intent to deprive" based on circumstantial evidence.  *See Edelson v. Cheung*, No. 13-

5780, 2017 U.S. Dist. LEXIS 5219, at *11 (D.N.J. Jan. 12, 2017).  Here, the Court need look no further than Defendant's explicit words and directives for evidence that Defendant acted with the intent to deprive Plaintiff of the sales records.  The March 2, 2017 email from Defendant includes an explicit instruction to Hollandse Hoogte to modify its sales report and commissions records to delete the reference to the Plaintiff's Copyrighted Work.  As shown in Exhibit B, Defendant instructed Hollandse Hoogte to "adjust your sales report and amounts due accordingly" to account for the removal of certain images relating to reference number 4407-3522 (which relates to Plaintiff's Copyrighted Works).  This is an active instruction to hide and manipulate records of Hollandse Hoogte.

This spoliation by an implied failure to preserve, let alone the demonstrated direct manipulation of reports, coupled with Defendant's continuing failure to produce all of the Hollandse Hoogte documents in direct contempt of the Court's Order, has not only prejudiced Plaintiff but raises serious doubt about the general thoroughness of Defendant's search for documents (particularly from distributors) as well as its efforts to preserve records of Hollandse Hoogte related to Plaintiff's Copyrighted Works.  Moreover, the discovery deficiencies *and* intentional attempt to hide and manipulate records discovered in relation to Hollandse Hoogte could merely scratch the surface of Defendant's improper search, production, concealment, and/or manipulation of documents.

Here, Plaintiff respectfully requests that this Court exercise its authority under Rule 37 to, at present, rectify the prejudice created by the missing sales report and recall lists and require Defendant's compliance in full with the Court's previous Order (requiring the production of *all* documents relating to Plaintiff's Copyrighted Work, including from Defendant's distributors) by

requiring Defendant to produce additional documents, to provide responses to inquiries about Hollandse Hoogte and Defendant's document preservation, and to show cause, all as set forth in recitals for relief below.  Plaintiff also respectfully requests that this Court reserve the right to impose additional sanctions under Rule 37(e)(2) based on the foregoing and what is uncovered by the additional information provided by Defendant.

**WHEREFORE**, for the reasons stated above, Plaintiff, Michael Grecco Productions, Inc., respectfully requests that this Court issue an Order:

(1) requiring Defendant, RGB Ventures, LLC, to produce within 7 days (a) copies of all versions of sales reports received from Hollandse Hoogte since Hollandse Hoogte first received any of the Plaintiff's Copyrighted Works through the present, including any revised or modified versions of sales reports from Hollandse Hoogte; (b) all internal RGB Ventures, LLC records identifying sales of licenses by Hollandse Hoogte of images supplied by RGB Ventures, LLC between the date Hollandse Hoogte first received any of the Plaintiff's Copyrighted Works and the present; (c) all agreements between RGB and Hollandse Hoogte concerning distribution of photos that related to Plaintiff's Copyrighted Works; and (d) all e-mails between RGB and Hollandse Hoogte related to sales reports since Hollandse Hoogte first received any of the Plaintiff's Copyrighted Works through the present.

(2) requiring Defendant, RGB Ventures, LLC, to provide a full explanation under oath by a representative with personal knowledge within 7 days (a) why it instructed Hollandse Hoogte to "adjust your sales report" in a March 2, 2017 email; (b) all steps that were taken

by Defendant to ensure that Defendant and Hollandse Hoogte preserved all records of Hollandse Hoogte's sales of Plaintiff's Copyrighted Works despite the instruction to "adjust your sales report"; (c) all instructions, including the date of each, to each distributor with whom Defendant works and any other steps taken to insure that each such distributor maintains all records of its access to, display, distribution, sales of licenses, or other use of the Plaintiff's Copyrighted Works, along with production of the documents reflecting the information requested in (a) - (c);

(3) requiring Defendant, RGB Ventures, LLC, to provide a full explanation under oath by a representative with personal knowledge within 7 days of what internal instructions and steps were taken by Defendant to preserve records and ESI relating to the dispute with Plaintiff, including the date of each instruction and/or step and production of the documents reflecting that information; and

(4) requiring Defendant, RGB Ventures, LLC, to show cause within 7 days why it should not be ordered to pay Plaintiff's attorney's fees and costs for this motion pursuant to Fed. R. Civ. P. 37(a)(5) and why further sanctions are not appropriate as a result of its failure to ensure all relevant records in its possession and in the possession of distributors with whom it works were appropriately preserved.

**LOCAL RULE 3.01(g) PRE-FILING CERTIFICATION**

As specified above, on October 9, 2017 counsel for Plaintiff made good-faith efforts in contacting opposing counsel in order to resolve the issues raised in this motion, but was unsuccessful.

Dated: October 18, 2017

Respectfully Submitted,

**DUANE MORRIS LLP**

By: /s/ Julian A. Jackson-Fannin

**Julian A. Jackson-Fannin, Esq.**
Fla. Bar No. : 93220
**Steven M. Cowley, Esq.**
Admitted *Pro Hac Vice*
200 South Biscayne Blvd., Suite 3400
Miami, FL 33131
Direct Tel: 305.960.2253
Direct Fax : 305.402.0544
Email: JJFannin@duanemorris.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 18, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Julian A. Jackson-Fannin
Julian A. Jackson-Fannin

**SERVICE LIST**

**Brian Perreault, Esq.**
Email: bp@lydeckerdiaz.com
**Lydecker Diaz, LLC**
1221 Brickell Avenue
19th Floor
Miami, FL 33131
Tel: 305.416.3180
Fax: 305.416.3190
*Counsel for Defendant*