# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CASE NO.: 3:16-cv-01335-MMH-PDB

MICHAEL GRECCO PRODUCTIONS, INC.,

    Plaintiff,

vs.

RGB VENTURES, LLC,

    Defendant.

_____/

## PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY AND FOR DISCOVERY SANCTIONS

Plaintiff MICHAEL GRECCO PRODUCTIONS, INC. ("***Plaintiff***"), by and through its counsel, Duane Morris LLP, and pursuant to Fed. R. Civ. P. 37 and M.D. Fla. L. R. 3.04(a), hereby submits its Motion to Compel Discovery and for Attorney's Fees and Costs from Defendant RGB VENTURES, LLC ("***Defendant***"), and as grounds in support thereof states as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1. This action arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and the Digital Millennium Copyright Act, 17 U.S.C. § 1202, and specifically involves the alleged direct, contributory and vicarious copyright infringement, as well as the false application of copyright management information by Defendant of over 1,700 of Plaintiff's copyrighted photographic images. Plaintiff initiated this action on October 24, 2016 and filed its First Amended Complaint on November 23, 2016. [D.E. 1 and 7].

2. On July 24, 2017, after extensive but unsuccessful efforts by Plaintiff to obtain sufficient responses from Defendant, Plaintiff filed a Motion to Overrule Objections, Compel Discovery, and For Attorney's Fees and Costs [D.E. 24] related to Defendant's incomplete, non-compliant and purposefully evasive Rule 26(a) Initial Disclosures and Responses to Plaintiff's First Set of First Set of Interrogatories and Requests for Production of Documents and Things ("**First Motion to Compel**"). Following a hearing before the Court, on August 23, 2017, the Court granted Plaintiff's First Motion to Compel and ordered Defendant to, *inter alia*, "completely and appropriately" answer Plaintiff's First Set of Interrogatories under oath, and either produce the documents requested in the Plaintiff's First Set of Requests for Production of Documents and Things or provide a binding statement under oath that the documents do not exist by September 8, 2017. [D.E. 28].

3. Following extensions to the deadline requested by Defendant, Defendant filed a Notice of Compliance with Court Order on September 15, 2017 stating: "RGB VENTURES, LLC, hereby certifies its compliance with this Court's Order . . . ." [D.E. 36]. Despite Defendant's certification, its responses and amended responses continued to be incomplete, non-compliant and purposely evasive, as detailed in Plaintiffs pending Motion to Hold Defendant in Contempt for Failure To Comply With the Court's Order and for Appropriate Sanctions [D.E. 43] filed on October 17, 2017.

4. On September 14, 2017, the Court issued an order denying Defendant's Motion to Dismiss Plaintiff's Amended Complaint including the alternative request for a more definitive statement. [D.E. 32].

5. Subsequently on October 5, 2017, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Amended Complaint [D.E. 41].

6. On October 10, 2017, Plaintiff immediately propounded a Second Set of Requests for Production of Documents and Things and its Second Set of Interrogatories (the "**Second Requests**") on Defendant, requesting information about Defendant's recently-asserted affirmative defenses. *See* **Composite Exhibit A**.

7. On November 13, 2017, counsel for Plaintiff contacted counsel for Defendant regarding Defendant's failure to serve responses to the Second Requests, which were due on or before November 9, 2017. *See* **Composite Exhibit B**. The excuse for the late responses received from Defendant's counsel claimed that they had mis-calendared the deadline by mistakenly adding time for mailing (the Second Requests were served by email, just like the other discovery exchanged by the parties to date), but when asked what applicable rule Defendant purportedly relied upon to add the amount of time that had passed since the responses were due, Defendant's counsel inexplicably represented that his assistant used an outdated Florida rule providing five days for mailing. *See id.*

8. Prompted by Plaintiff's counsel's inquiry, Defendant served what it characterized as responses to Plaintiff's Second Set of Interrogatories (the "**Second Responses**") on November 14, 2017.[1] *See* **Composite Exhibit C**.

---

[1] Defendant also served what it characterized as responses to Plaintiff's Second Set of Requests for Production of Documents and Things on November 14, 2017. Plaintiff is still reviewing that response along with Defendant's recent document production and will address any issues with Defendant's counsel once the review is completed.

3

**DUANE MORRIS LLP**
5100 Town Center Circle, Suite 650, Boca Raton, Florida 33486 ▪ 561.962.2100

DM2\8339603.1

9. Defendant's Second Responses were again incomplete, unverified, purposefully evasive, and failed to comply with the basic requirements of Fed. R. Civ. P. 33(b) and 34(b)(2)(A)-(C), much like its deficient responses briefed and ruled upon in Plaintiff First Motion to Compel. For example, Defendant's response to Interrogatory No. 12 requesting that Defendant state all facts concerning or supporting it Second Affirmative Defense regarding immunity only provides a general reference to the Digital Millennium Copyright Act (DMCA), which provides immunity to *network service providers* from copyright infringement liability. Defendant's response fails to state any facts on how it might qualify as a network service provider under the DMCA or that it has met any of the prerequisites for the DMCA safe harbor provision to apply. Additionally, even after the Court expressly advised Defendant during the proceedings on Plaintiff's First Motion to Compel that interrogatories must be answered under oath, the Defendant ignored this instruction and failed to verify any of its Second Responses as instructed by the Court and required under Fed. R. Civ. P. 33(b)(5).

10. On November 14, 2017, Plaintiff's counsel (Mr. Cowley) reached out to Defendant's counsel to request a "meet and confer" to discuss Defendant's deficient responses to the Second Requests. Defendant's counsel called counsel for the Plaintiff on November 15, 2017, and Plaintiff's counsel detailed the specific deficiencies observed in the Second Responses. Counsel for the Defendant represented that he could agree to provide additional information "we have" in response to the Second Requests, but could not provide any estimate on when Defendant would be able to obtain signed responses or provide complete responses that will include all additional information in Defendant's possession that is not currently in Defendant's counsel's possession.

11. Plaintiff's counsel pointedly asked Defendant's counsel whether his office began working with Defendant to prepare <u>any</u> response to Plaintiff's Second Requests prior to receiving the email from Plaintiff's counsel informing him that the deadline for the responses had passed. Counsel for Defendant refused to answer that question, and he was unable to represent that defense counsel even commenced working with the Defendant to obtain the substantive information necessary to respond in good faith to the Second Requests. Accordingly, Plaintiff's counsel stated that he could not agree that the commitment to provide supplemental responses that included additional information in defense counsel's possession would be meaningful, or resolve the Plaintiff's concerns with the deficient Second Responses.

12. To date, Defendant's counsel has yet to supplement any of the information in its Second Responses or provide a signed verification.

13. Defendant's incomplete and non-compliant Second Responses are a continuation of Defendant's ongoing tactics to delay and evade providing substantive discovery responses in this action, which inures to Plaintiff's detriment by hindering its ability to fully prosecute its case and address Defendant's affirmative defenses.

14. Faced with Defendant's repeated attempts to thwart the discovery process, Plaintiff is again forced to seek further relief from the Court.

## MEMORANDUM OF LAW

15. Rule 3.04 of the Local Rules of the United States District Court for the Middle District of Florida states in relevant part:

> A motion to compel discovery pursuant to Rule 36 or Rule 37, Fed. R. Civ. P., shall include quotation in full of each interrogatory, question on deposition, request for

5

> admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted. The opposing party shall then respond as required by Rule 3.01(b) of these rules.

*See* M.D. Fla. L. R. 3.04(a). The parties have a duty to provide true, explicit, responsive, complete and candid answers to discovery. *See Hunter's Ridge Golf Co. v. Georgia-Pacific Corp.*, 2006 U.S. Dist. LEXIS 10944, at *5 (M.D. Fla. March 3, 2006) ("The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.").

16.   Where, as here, a party fails to respond completely to interrogatories or a proper request for production of documents, or offers groundless objections, Fed. R. Civ. P. 37 permits the Court to order full compliance with discovery requests:

> [I]f a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents . . . or fails to permit inspection—as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). Rule 37 further provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

### A. DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES ARE INSUFFICIENT UNDER FED. R. CIV. P. 33

17.   Pursuant to Fed. R. Civ. P. 33, a party responding to interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories" and "[e]ach

interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(2) and (3). Moreover, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

18. In Interrogatory No. 11, Defendant fails to completely respond or attempts to evade responding by providing non-responsive information, challenging only the number of infringed works and not the sufficiency of Plaintiff's claims.

**INTERROGATORY NO. 11:**
State all facts and circumstances concerning and supporting the First Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**RESPONSE:**
**Plaintiff failed to properly register all of its works and as a result is barred in whole or in part from bringing an action on improperly registered compilations of work. Most, if not all, of the 58 pages of registrations contained in Exhibit "C" to the Amended Complaint reference multiple photographic images – in one case as many as 1,126 images in a single registration. Therefore, Plaintiff cannot state a claim for infringement of each individual photograph where the works were intended to constitute a single compilation. Moreover, one or more of the registrations contains a description that is inconsistent with the Date of Creation contained thereon, or even the Registration Date itself. Discovery is ongoing, and Defendant anticipates obtaining original registrations in support of this affirmative defense.**

19. Likewise, in Interrogatory No. 12, Defendant submits providing non-responsive information:

**INTERROGATORY NO. 12:**
State all facts and circumstances concerning and supporting the Second Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**RESPONSE:**
**Pursuant to the Digital Millennium Copyright Act (DMCA), which provides**

7

> **immunity to service providers from copyright infringement liability for passive, automatic actions in which the service provider's system engages through technological process initiated by another without knowledge of the service provider, to the extent that Image Select, or any other individual or entity accessed Plaintiff's copyrighted work from RGB, such was done without knowledge of RGB and as a result Plaintiff's claims therefore are barred. Once Defendant became aware of any allegedly infringing activity or was informed of any allegedly infringing activity in accordance with 17 U.S.C. 512(c)(3), it worked expeditiously to remedy same. As discovery is ongoing, Defendant reserves the right to supplement this response.**

Defendant's Second Affirmative Defense states: "RGB is immune from liability for any and all claims of copyright infringement asserted in the Complaint pursuant to 17 U.S.C. § 512 (c)." Defendant's response merely summarizes portions of the DMCA and specifically fails to set forth any facts or circumstances under which Defendant may qualify as a "service provider" under the DMCA. Section 512(k) of the DMCA defines a "service provider" as:

> (A) As used in subsection (a), the term "service provider" means an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received.
> (B) As used in this section, other than subsection (a), the term "service provider" means a provider of online services or network access, or the operator of facilities therefor, and includes an entity described in subparagraph (A).

17 USC § 512(k)(1) (Definitions). Furthermore, Defendant fails to set forth any information concerning the remaining requirements of Section 512(c), including without limitation, requirements for a designated agent and take down procedures.

20. In Interrogatory Nos. 13, Defendant essentially submits the same non-responsive or incomplete response as it did to Interrogatory No. 11 with only a slight variation in wording:

> **INTERROGATORY NO. 13:**
> State all facts and circumstances concerning and supporting the Third Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's

Amended Complaint.

**RESPONSE:**
**Plaintiff failed to properly register all of its works, including registering as many as 1,126 images at once, and as a result is barred in whole or in part from bringing an action on improperly registered compilations of work. Please see Response to Interrogatory No. 11, above.**

As discussed above, Defendant's responses to Interrogatories 11 and 13 do not assert any facts under which Plaintiff's copyright registrations would be invalid, ineffective, unenforceable, or otherwise insufficient to meet the requirements of 17 U.S.C. § 411; but rather challenges the number of infringed works.

21.   In Interrogatory No. 14., Defendant submits an incomplete response by generally stating "to the extent" before paraphrasing 17 U.S.C. § 412, while failing to set forth any specific information indicating that any of Defendant's infringement *actually* commenced before the effective date of an unpublished work or after first publication of a published work that was registered more than three months after first publication.

**INTERROGATORY NO. 14:**
State all facts and circumstances concerning and supporting the Fourth Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**RESPONSE:**
**Plaintiff failed to properly register all of his works and as a result is barred in whole or in part from bringing an action on improperly registered compilations of work. Moreover, to the extent that any alleged infringement of an unpublished work took place prior to the effective date of registration of the copyrighted work, or any alleged infringement of a published work took place after first publication, but before the effective date of its registration, Plaintiff's claim for statutory damages and attorney's fees must fail. As discovery is ongoing, Defendant anticipates obtaining original registrations in support of this defense.**

22. Defendant continues its pattern of incomplete responses in Interrogatory No. 18. Similar to its other responses, Defendant generally re-states the affirmative defense of an implied license, while failing to set forth any information about specific conduct of any of the parties that proceeded as though a licensing agreement had been executed.

**INTERROGATORY NO. 18:**
State all facts and circumstances concerning and supporting the Eleventh Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**RESPONSE:**
**Plaintiff's claims are barred to the extent that Defendant and/or Third Party Distributors were given an implied license to distribute or utilize Plaintiff's copyrighted works – that is to say, where the conduct of the parties proceeded as though a licencing agreement had been executed. As discovery is ongoing, Defendant reserves the right to supplement this response.**

23. Similarly in Interrogatory No. 19, Defendant generally re-states language from 17 U.S.C. § 107 on fair use, while failing to set forth any specific information on how its use may qualify as criticism, comment, news reporting, teaching, scholarship, and/or research.

**INTERROGATORY NO. 19:**
State all facts and circumstances concerning and supporting the Twelfth Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**RESPONSE:**
**Plaintiff's claims are barred to the extent that Defendant and/or any Third Party Distributors' use of the copyrighted work constitutes criticism, comment, news reporting, teaching, scholarship, and/or research. Moreover, and as evidenced by the registrations comprising Exhibit "C" to the Amended Complaint, Plaintiff opted to register compilations of images – meaning that the alleged use of any single image was of minimal amount and substantiality relative to the compilation as a whole. As discovery is ongoing, Defendant reserves the right to supplement this response.**

24. In Interrogatory No. 21, Defendant again generally re-states its affirmative defense, while failing to set forth any specific information on how or why any acts of infringement of Third Party Distributors were outside Defendant's control.

> **INTERROGATORY NO. 21:**
> State all facts and circumstances concerning and supporting the Fourteenth Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.
>
> **RESPONSE:**
> **Plaintiff's allegation and alleged damages are a result of the acts and/or omissions of Third Party Distributors outside of Defendant's control. As discovery is ongoing, Defendant reserves the right to supplement this response.**

25. In Interrogatory No. 22, Defendant submits an incomplete and inaccurate response by asserting that "use of a single image (out of a compilation of as many as 1126 images) [is] insignificant and trivial in nature." However, Defendant fails to set forth any specific information identifying which acts of infringement are characterized as "insignificant" or "trivial," or the specific images or registrations that are applicable. As a result, Plaintiff has no way to identify which of the numerous acts of infringement of up to 1700 Copyrighted Works it needs to address in response to this affirmative defense.

> **INTERROGATORY NO. 22:**
> State all facts and circumstances concerning and supporting the Fifteenth Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.
>
> **RESPONSE:**
> **Plaintiff's claims are barred to the extent that any alleged unauthorized use of a copyrighted work was insignificant and/or trivial. More specifically, and as evidenced by the registrations comprising Exhibit "C" to the Amended Complaint, Plaintiff's decision to register compilations of images renders the alleged use of a single image (out of a compilation of as many as 1126 images) insignificant and trivial in nature. As discovery is ongoing, Defendant reserves the right to supplement this response.**

26. Defendant's responses to Interrogatory Nos. 11, 13, 14, 15, 19, and 22 are also non-responsive or incomplete to the extent they rely on the assertion that Plaintiff improperly included multiple images in its applications for registration or the asserted registrations are for compilations when, as discussed before the Court and counsel for Defendants during proceedings on Plaintiff's First Motion to Compel, the asserted registrations are group registrations for individual works/photographs.  Since none of the registrations identified in the Amended Complaint are composite registrations, Plaintiff has no way to identify which claims of infringement of which images are subject to these affirmative defenses.

27. Furthermore, Rule 33(b)(5) expressly requires: "The person who makes the answers must sign them, and the attorney who objects must sign any objections."  Despite the Court's prior instruction, Defendant again failed to verify any of its Second Responses, as shown in Composite Exhibit C.

## B. DEFENDANT'S CONTINUING FAILURE TO MAKE SUFFICIENT RESPONSES OR TO COOPERATE IN DISCOVERY

28. The deficiencies in Defendant's Second Responses raise the same issues and failure to respond and cooperate in discovery as raised in Plaintiff's First Motion to Compel.  Even more concerning is the complete failure of Defendant's to rectify the ongoing deficiencies related to the Plaintiff's First Set of First Set of Interrogatories and Requests for Production of Documents and Things.

29. Despite the Court's Order on the First Motion to Compel directing the Defendant to "(1) completely and appropriately answer the plaintiff's first set of interrogatories under oath,

[and] (2) either produce the documents requested in the plaintiff' first set of requests for production of documents and things or provide a binding statement under oath that the documents do not exist" [D.E. 28], Defendant served amended responses and second amended responses that continued to be incomplete or non-compliant. Following significant efforts by Plaintiff's counsel to meet and confer with Defendant's counsel, material deficiencies in the responses to the first set of requests remain outstanding and Plaintiff was forced to seek further relief, as set forth in Plainitff's Motion to Hold Defendant in Contempt for Failure To Comply With the Court's Order and for Appropriate Sanctions [D.E. 43].

30. Defendant is repeating the same tactics with respect to responses to the Plaintiff's Second Requests: the failure to timely provide meaningful discovery responses that is blamed on staff error or other "mistakes"; requiring Plaintiff's counsel to seek a meet and confer wherein Defendant's counsel is unable to provide explanations of the missing information and makes only vague and empty commitments to obtain further information from the Defendant, but no timeline for providing complete responses that are signed by the Defendant ; and forcing Plaintiff to seek relief from the Court compelling the responses that should have been provided all along. The result has been that Defendant has repeatedly flouted its discovery obligations and, instead, purposefully provided non-responsive discovery responses in order to exploit the meet and confer process and thereby unilaterally extend the deadline for Defendant to provide the requested discovery. Using these tactics, Defendant has seemingly granted itself repeated open-ended extensions, and Plaintiff has been unable to make meaningful progress toward completing paper discovery and the full production of relevant documents.

13

31. In fact, Defendant's counsel's inability or refusal to provide any timeline for the production of full, complete and *signed* Second Responses, or otherwise confirm that supplemental responses will include all additional information in Defendant's possession that is not currently in Defendant's counsel's possession, indicates that defense counsel may not even have commenced an effort to obtain RGB Ventures' information necessary to respond to the Second Requests, making its participation in the required meet and confer a mere empty gesture.

32. The evasive, incomplete and non-responsive nature of Defendant's Second Responses is a continuation of the deficient responses briefed and ruled upon in Plaintiff's First Motion to Compel and are part of Defendant's ongoing tactics to delay and evade providing substantive discovery responses in this action. The tactic of repeatedly providing delayed and deficient responses has and continues to hinder Plaintiff's ability to prosecute its case and, with respect to the Second Requests, to address Defendant's affirmative defenses.

    C.    **PLAINTIFF IS ENTITLED TO SANCTIONS PURSUANT TO FED. R. CIV. P. 37(a)(5)**

33. "[Rule 37 of the Federal Rules of Civil Procedure] gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders" up to and including striking pleadings in whole or in part and rendering a default judgment. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F. 2d 1536, 1542 (11th Cir. 1993); Rule 37(a)(5). Additionally:

> Courts have the inherent power to police those appearing before them . . . [and] may exercise this power "to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." The dual purpose of this power is to vindicate judicial authority without resorting to a contempt of court sanction and to make the prevailing party whole.

34. Pursuant to Rule 37(a)(5) and/or this Court's inherent authority, Plaintiffs request that the Court strike Defendant's Affirmative Defenses, as the Second Requests at issue in this motion were specifically directed to seek discoverable information on each of Defendant's affirmative defenses.

35. Additionally, Plaintiff also requests, pursuant to Rule 37(a)(5) that Defendant be required to pay to Plaintiff the reasonable expenses, including attorney's fees incurred by Plaintiff in bringing the instant motion. Rule 37(a)(5) provides, that "'[i]f the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, . . . require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that . . . the opposing party's nondisclosure, response, or objection was substantially justified.'" *Gober v. City of Leesburg*, 197 F.R.D. 520 (M.D. Fla. 2000) (ordering sanctions because the information requested would lead to the discovery of admissible evidence pursuant to the former Fed. R. Civ. P. 37(a)(4), which is substantially the same as the current rule); *see also* Fed. R. Civ. P. 37(a)(5).

**WHEREFORE**, Plaintiff Michael Grecco Productions, Inc. respectfully requests that this Court issue an Order: (i) granting its motion to compel; (ii) striking Defendant's Affirmative Defenses in RGB Ventures, LLC's Answer and Affirmative Defenses to Plaintiff's Amended Complaint [D.E. 41]; or in the alternative to (ii), (iii) ordering RGB Ventures, LLC to completely and appropriately answer Plaintiff's Second Set of Interrogatories under oath; and (iv) award Plaintiff its reasonable attorney's fees and costs as a result of having bring the instant motion

pursuant to Fed. R. Civ. P. 37(a)(5).

## LOCAL RULE 3.01(g) PRE-FILING CERTIFICATION

As specified above, counsel for Plaintiff made good-faith efforts in contacting opposing counsel in order to resolve the issues in this motion, but was unsuccessful.

Dated: November 17, 2017                    Respectfully Submitted,

**DUANE MORRIS LLP**

By:  /s/ Karen C. Kline
**Karen C. Kline**
Fla. Bar No.: 59998
**Julian A. Jackson-Fannin, Esq.**
Fla. Bar No. : 93220
**Steven M. Cowley, Esq.**
Admitted *Pro Hac Vice*
5100 Town Center Circle, Suite 650
Boca Raton, FL 33486-9000
Direct Tel:   561-962-2132
Direct Fax :  305-397-2248
Email:  kckline@duanemorris.com
*Counsel for Plaintiff*

Case No.: 16-cv-01335-MMH-PDB

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on November 17, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        /s/ Karen C. Kline
        Karen C. Kline

## SERVICE LIST

**Brian Perreault, Esq.**
Email: bp@lydeckerdiaz.com
**Stephen Hunter Johnson**
Email: shj@lydeckerdiaz.com
**Lydecker Diaz, LLC**
1221 Brickell Avenue
19th Floor
Miami, FL 33131
Tel: 305.416.3180
Fax: 305.416.3190

**Nancy E. Wolff**
Email: nwolff@cdas.com,
**Cowan, DeBaets, Abrahams & Sheppard, LLP**
41 Madison Avenue, 38th Floor
New York, NY 10010
Tel: 212.974.7474
Fax: 212.974.8474

*Counsel for Defendant*

**DUANE MORRIS LLP**
5100 Town Center Circle, Suite 650, Boca Raton, Florida 33486 ▪ 561.962.2100

DM2\8339603.1