## Kline, Karen Chuang

| | |
|---|---|
| **From:** | Kline, Karen Chuang |
| **Sent:** | Tuesday, October 10, 2017 3:23 PM |
| **To:** | bp@lydeckerdiaz.com; stephenhunterjohnson@yahoo.com; sshojgreen@lydeckerdiaz.com; marlene@lydeckerdiaz.com; shj@lydeckerdiaz.com |
| **Cc:** | Cowley, Steven M.; Garcia, Josephine F.; Randolph, Muriel A. |
| **Subject:** | SERVICE OF COURT DOCUMENTS - CASE NUMBER  3:16-cv-01335-MMH-PDB |
| **Attachments:** | PLAINTIFFS SECOND SET OF INTERROGATORIES TO DEFENDANT.pdf; PLAINTIFFS SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT.pdf |

Counsel:

Please see the attached discovery requests for the below-referenced matter.

| | |
|---|---|
| Case Name: | Michael Grecco Productions, Inc. v. RGB Ventures, LLC |
| Case Number(s): | 3:16-cv-01335-MMH-PDB |
| Court: | United States District Court for the Middle District of Florida |
| Document(s) being served: | PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT RGB VENTURES, LLC PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO RGB VENTURES, LLC |
| Sender's Name, Email Address & Phone Number: | Karen C. Kline kckline@duanemorris.com 561-962-2100 (ext. 2132) |

Regards,

**Karen Chuang Kline**
Special Counsel

Duane Morris LLP
Boca Center Tower II
5100 Town Center Circle, Suite 650
Boca Raton, FL 33486-9000
**P:** +1 561 962 2132
**F:** +1 305 397 2248

kckline@duanemorris.com
www.duanemorris.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL GRECCO PRODUCTIONS, INC.,

     Plaintiff,

     v.

RGB VENTURES, LLC,

     Defendant.

Case No.: 3:16-CV-01335-MMH-PDB

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT RGB VENTURES, LLC

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the local rules of this Court, Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") hereby requests that Defendant RGB Ventures, LLC ("Defendant") respond to the following interrogatories (collectively, the "Interrogatories") by serving written responses at the offices of Plaintiff's attorney, Karen C. Kline, Esq., Duane Morris, LLP,  5100 Town Center Circle, Suite 650, Boca Raton, FL  33486-9000 , within thirty (30) days after service of these Interrogatories.

## DEFINITIONS AND INSTRUCTIONS

A.    The term "Plaintiff" as used herein refers to the plaintiff Michael Grecco Productions, Inc. in the above-captioned action.

B.    The term "Defendant" as used herein refers to the defendant RGB Ventures, LLC, doing business under the fictitious name SuperStock, and any division, corporate parent, subsidiary, affiliate, licensee, franchisee, successor, predecessor in interest, assignee, fictitious entity, holding company, or other related business entity, and any current or former director, officer, employee, agent, representative, or other person acting or purporting to act on behalf of

any such entity.

C. The terms "You", and "Your" as used herein refer to Defendant RGB Ventures, LLC.

D. The term "Amended Complaint" as used herein shall mean the Plaintiff's First Amended Complaint filed by Plaintiff in connection with the Litigation.

E. The term "Document" as used herein is synonymous in meaning and scope to the usage of that term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. As used herein, "Document" includes, but is not limited to:

 a. Any written, printed or recorded matter of any kind, including originals, drafts, and all copies, whether or not identical with the originals, and whether or not Defendant has possession, custody or control of the originals of the documents, whatever the source, including, but not limited to: agreements; communication, including intra-office and interoffice communications; correspondence; telegrams; telexes; telecopier messages; memoranda; records; books; summaries of records of personal conversations, interviews, or meetings; diaries; work papers and notes; e-mails; accounts; ledgers; bills of lading; invoices; price lists; analytical records; minutes, memoranda or records of meetings or conferences; reports of summaries of interviews; reports of summaries of investigations; opinions or reports or consultations of any type; reports, summaries or memoranda of negotiations; work sheets; bills; receipts; checks; check stubs; charts; press releases; articles, clippings or any other excerpt from any newspaper, periodical or other publication; contracts; any other documents or writings of whatever description, including all drafts of, or exhibits or attachments to, any of the foregoing, whether printed, recorded or produced by any mechanical or electronic process or written or

produced by hand;

      b.     All graphic or manual records or representations of any kind, including, but not limited to, blueprints, photographs, charts, graphs, drawings, diagrams and records; and

      c.     All mechanical or electronic records or representations of any kind, including, but not limited to, microfilm, microfiche, radiographic film, photographs, motion pictures, cassettes, tape recordings, videotapes, computer tapes, discs or CD-ROMS or floppy discs or any other form or computerized, digitized, electronic or machine readable records or any information maintained on any CPU.

      F.     The term "concerning" as used herein means relating to, referring to, describing, evidencing, showing, constituting and/or documenting.

      G.     For the purposes of these Requests:

      a.     "Any" means "any and all;"

      b.     "Every" means "all and each;" and

      c.     "Including" and "including, but not limited to" are used herein to illustrate documents that are responsive to a particular document request. Phrases employing either term are not exhaustive of the materials sought and in no way limit the scope of any document request.

      H.     These Interrogatories are intended to be continuing within the scope and meaning of the Federal Rules of Civil Procedure.  If, at any time after Defendant has prepared and furnished the requested information Defendant ascertains or acquires additional information responsive to any of these Interrogatories, Defendant is requested to produce such supplemental information immediately.

3

I.      If Defendant objects to furnishing information or Documents in response to any Interrogatory, or any part or portion thereof, Defendant should specifically state the basis of such objection, identify the information or documents to which each objection applies, and furnish all requested information or documents to which the objection does not apply. Any objection for which a basis has not been specifically stated within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

J.      To the extent that any of the following Interrogatories may call for information or documents subject to a claim of privilege or attorney work product, Defendant should answer any and all portions of the Interrogatory which do not call for privileged or confidential information. With respect to any portions of the Interrogatories which request information claimed to be privileged, Defendant should set forth the basis for Defendant's claim of privilege or any other objection Defendants may have, and identify the following with respect to any information withheld on these grounds:

a.      the nature or type of information or document withheld;

b.      the general subject matter of the information or document withheld;

c.      the date of any document containing the information withheld; and

d.      any other information sufficient to identify the information or document withheld for a subpoena *duces tecum,* including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other, as well as all other recipients of the document.

K.      All information which is available to Defendants should be furnished, including any information in the possession, custody or control of Defendants' attorneys, agents, employees, investigators, consultants, experts and licensees, as well as any firm, company,

4

corporation or business in which Defendants own a controlling interest or over which Defendants exercises control. If Defendants cannot answer 'any of the following Requests in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Defendants' inability to answer the remainder and stating whatever information or knowledge Defendants have concerning the unanswered portions.

## INTERROGATORIES

### INTERROGATORY NO. 11:

State all facts and circumstances concerning and supporting the First Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**ANSWER:**

### INTERROGATORY NO. 12:

State all facts and circumstances concerning and supporting the Second Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**ANSWER:**

DM2\8233479.1

**INTERROGATORY NO. 13:**

State all facts and circumstances concerning and supporting the Third Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**ANSWER:**

**INTERROGATORY NO. 14:**

State all facts and circumstances concerning and supporting the Fourth Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**ANSWER:**

**INTERROGATORY NO. 15:**

State all facts and circumstances concerning and supporting the Fifth Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**ANSWER:**

DM2\8233479.1

**INTERROGATORY NO.  16:**

State all facts and circumstances concerning and supporting the Seventh Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**ANSWER:**

**INTERROGATORY NO.  17:**

State all facts and circumstances concerning and supporting the Eighth Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**ANSWER:**

7

**INTERROGATORY NO. 18:**

State all facts and circumstances concerning and supporting the Eleventh Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**ANSWER:**

**INTERROGATORY NO. 19:**

State all facts and circumstances concerning and supporting the Twelfth Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**ANSWER:**

**INTERROGATORY NO. 20:**

State all facts and circumstances concerning and supporting the Thirteenth Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**ANSWER:**

DM2\8233479.1

**INTERROGATORY NO. 21:**

State all facts and circumstances concerning and supporting the Fourteenth Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**ANSWER:**

**INTERROGATORY NO. 22:**

State all facts and circumstances concerning and supporting the Fifteenth Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**ANSWER:**

DM2\8233479.1

**INTERROGATORY NO. 23:**

State all facts and circumstances concerning and supporting the Sixteenth Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**ANSWER:**

**INTERROGATORY NO. 24:**

State all facts and circumstances concerning and supporting the Seventeenth Affirmative Defense set forth in Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**ANSWER:**

Dated:  October 10, 2017

Respectfully submitted,

DUANE MORRIS LLP

By:    /s/ Karen C. Kline
       Steven M. Cowley (admitted *Pro Hac Vice*)
       100 High Street, Suite 2400
       Boston, MA 02110-1724
       Telephone: (857) 488-4261
       Facsimile: (857) 401-3090
       Email: SMCowley@duanemorris.com

       Karen C. Kline
       Florida Bar No. 059998
       5100 Town Center Circle, Suite 650
       Boca Raton, FL  33486-9000
       Telephone: (561) 962-2132
       Facsimile: (305) 397 2248
       Email: KCKline@duanemorris.com

       *Attorneys for Plaintiff Michael Grecco*
       *Productions, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 10, 2017, a true and correct copy of the foregoing

document was served on the following counsel for the Defendant via email:

    Stephen Hunter Johnson
    Brian J. Perreault
    Lydecker Diaz
    1221 Brickell Avenue - 19th Fl
    Miami, FL  33131
    bp@lydeckerdiaz.com, sshojgreen@lydeckerdiaz.com,
    stephenhunterjohnson@yahoo.com, marlene@lydeckerdiaz.com,
    shj@lydeckerdiaz.com

       /s/ Karen C. Kline
       Karen C. Kline

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL GRECCO PRODUCTIONS, INC.,

     Plaintiff,

     v.

RGB VENTURES, LLC,

     Defendant.

**Case No.: 3:16-CV-01335-MMH-PDB**

## PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT RGB VENTURES, LLC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the local rules of this Court, Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") hereby requests that Defendant RGB Ventures, LLC ("Defendant") respond to the following requests for documents and things (collectively, the "Requests") by serving written responses and producing the documents and things requested herein at the offices of Plaintiff's attorney, Karen C. Kline, Esq., Duane Morris, LLP,  5100 Town Center Circle, Suite 650, Boca Raton, FL  33486-9000 , within thirty (30) days after service of these requests.

## DEFINITIONS AND INSTRUCTIONS

A.    The term "Plaintiff" as used herein refers to the plaintiff Michael Grecco Productions, Inc. in the above-captioned action.

B.    The term "Defendant" as used herein refers to the defendant RGB Ventures, LLC, doing business under the fictitious name SuperStock, and any division, corporate parent, subsidiary, affiliate, licensee, franchisee, successor, predecessor in interest, assignee, fictitious entity, holding company, or other related business entity, and any current or former director,

officer, employee, agent, representative, or other person acting or purporting to act on behalf of any such entity.

C.      The terms "You", and "Your" as used herein refer to Defendant RGB Ventures, LLC.

D.      The term "Litigation" as used herein refers to the litigation captioned as Michael Grecco Productions, Inc. v. RGB Ventures, LLC, 3:16-CV-01335-MMH-PDB, which is currently pending in the United States District Court for Middle District of Florida Jacksonville Division.

E.      The term "Complaint" as used herein shall mean the Plaintiff's First Amended Complaint filed by Plaintiff in connection with the Litigation.

F.      The term "Copyrighted Works" as used herein refers to the approximately 1,700 copyrighted images provided to Defendant on a hard drive and by electronic transmission through Defendant's FTP service and referenced in the Complaint using that definition.

G.      The term "Infringing Works" as used herein refers to any of the photographic images that depict any of the Copyrighted Works, in whole or in part, that were created, reproduced, copied, distributed, or displayed by Defendant, either directly or indirectly through any of the SuperStock Distributors (defined below) or Other Distributors (defined below), following the expiration of the Survival Term (defined below), including without limitation the examples attached as Exhibit D to the Complaint.

H.      The term "Document" as used herein is synonymous in meaning and scope to the usage of that term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.  As used herein, "Document" includes, but is not limited to:

a.      Any written, printed or recorded matter of any kind, including originals, drafts, and all copies, whether or not identical with the originals, and whether or not Defendant has possession, custody or control of the originals of the documents, whatever the source, including, but not limited to: agreements; communication, including intra-office and interoffice communications; correspondence; telegrams; telexes; telecopier messages; memoranda;  records; books; summaries of records of personal conversations, interviews, or meetings; diaries; work papers and notes; e-mails; accounts; ledgers; bills of lading; invoices; price lists; analytical records; minutes, memoranda or records of meetings or conferences; reports of summaries of interviews; reports of summaries of investigations; opinions or reports or consultations of any type; reports, summaries or memoranda of negotiations; work sheets; bills; receipts; checks; check stubs; charts; press releases; articles, clippings or any other excerpt from any newspaper, periodical or other publication; contracts; any other documents or writings of whatever description, including all drafts of, or exhibits or attachments to, any of the foregoing, whether printed, recorded or produced by any mechanical or electronic process or written or produced by  hand;

b.      All graphic or manual records or representations of any kind, including, but not limited to, blueprints, photographs, charts, graphs, drawings, diagrams and records; and

c.      All  mechanical  or  electronic  records  or  representations  of  any  kind, including, but not limited to, microfilm, microfiche, radiographic film, photographs, motion pictures, cassettes, tape recordings, videotapes, computer tapes, discs or CD-ROMS or floppy discs or any other form or computerized, digitized, electronic or machine readable records or any information maintained on any CPU.

3

I.     The term "concerning" as used herein means relating to, referring to, describing, evidencing, showing, constituting and/or documenting.

J.     The term "Person" means a natural person, partnership, corporation, affiliation, combination or other association of natural and legal persons without limitation.

K.     The term "SuperStock Agreements" means Exclusive Contributor Agreement and Non-exclusive Contributor Agreement entered into by Defendant and Plaintiff and attached as Exhibit A to the Complaint.

L.     The term "Termination Date" means the date of expiration or termination of SuperStock Agreements.

M.     The term "Survival Term" refers to the 18 month period, after the expiration or termination of the SuperStock Agreements, identified in Section V(C) of the SuperStock Agreements.

N.     The term "SuperStock Distributors" means agents referred to in the SuperStock Agreements as "Third Party Distributors" and expressly identified in "Annex A" to the Non-exclusive Contributor Agreement.

O.     The term "Other Distributors" refers to any distributors not identified in the SuperStock Agreements that acted as Defendant's agents in promoting, marketing, distributing and granting sublicenses to use any of the Copyrighted Works or Infringing Works, including without limitation ImageSelect BV.

P.     The term "End Users" refers to entities, that are not SuperStock Distributors or Other Distributors, who obtained permission to use or any other rights in any of the Copyrighted Works from the Defendant, any of the SuperStock Distributors or any of the Other Distributors.

Q.     For the convenience of the Court and the parties, each document request should be

quoted in full immediately preceding the response.

     R.     For the purposes of these Requests:

          a.     "Any" means "any and all;"

          b.     "Every" means "all and each"; and

          c.     "Including" and "including, but not limited to" are used herein to illustrate documents that are responsive to a particular document request. Phrases employing either term are not exhaustive of the materials sought and in no way limit the scope of any document request.

     S.     The term "Website" as used herein refers to any website or individual web page that Defendant owns or operates, or is operated by or owned by some other person on Defendant's behalf, including but not limited to the website located at http://www.superstock.com and all versions of the website from January 1, 2012 through the present.

     T.     These Requests are intended to be continuing within the scope and meaning of the Federal Rules of Civil Procedure.  If, at any time after Defendant has prepared and furnished the requested materials Defendant ascertains or acquires additional information regarding any of these document requests, Defendant is requested to produce such supplemental information immediately.

     U.     If Defendant objects to furnishing information or documents in response to any document request, or any part or portion thereof, Defendant should specifically state the basis of such objection, identify the information or documents to which each objection applies, and furnish all requested information or documents to which the objection does not apply. Any objection for which a basis has not been specifically stated within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

V.     To the extent that any of the following Requests may call for information or documents subject to a claim of privilege or attorney work product, Defendant should answer any and all portions of the document request which do not request privileged or confidential information. With respect to any portions of the Requests which request privileged information, Defendant should set forth the basis for Defendant's claim of privilege or any other objection Defendant may have, and identify the following with respect to any document withheld on these grounds:

     a.     the type of document;

     b.     the general subject matter of the document;

     c.     the date of the document; and

     d.     any other information sufficient to identify the document for a subpoena *duces tecum,* including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other, as well as all other recipients of the document.

W.     All information which is available to Defendant should be furnished, including any information in the possession, custody or control of Defendant's attorneys, agents, employees, investigators, consultants, experts and licensees, as well as any firm, company, corporation or business in which Defendant owns a controlling interest or over which Defendant exercises control. If Defendant cannot answer any of the following Requests in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Defendant's inability to answer the remainder and stating whatever information or knowledge Defendant has concerning the unanswered portions.

X.    Each document request seeks production of documents in their entirety, without redaction, abbreviation or expurgation, including all attachments and/or other matter affixed thereto, and including all existing drafts of any such documents.

Y.    If any document requested has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, please set forth in writing:

    e.    the date, name and subject matter of the document;

    f.    the name, employment and title of each person who prepared, received, reviewed or had custody, possession or control of the document;

    g.    the previous location of the document;

    h.    the reason for disposal or transfer of the document;

    i.    the manner of disposal of the document; and

    j.    the names and addresses of the transferee of the document.

Z.    Unless another time period is specified in an individual Request for Production, these Requests seek all Documents dated or created or received anytime between January 1, 2012 through the present, and continuing pursuant to Defendant's obligation to supplement its Responses.

7

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

49.    All Documents concerning, supporting or evidencing Defendant's First Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

50.    All Documents concerning, supporting or evidencing Defendant's Second Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

51.    All Documents concerning, supporting or evidencing Defendant's Third Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

52.    All Documents concerning, supporting or evidencing Defendant's Fourth Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

53.    All Documents concerning, supporting or evidencing Defendant's Fifth Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

54.    All Documents concerning, supporting or evidencing Defendant's Sixth Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

55.    All Documents concerning, supporting or evidencing Defendant's Seventh Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

56.    All Documents concerning, supporting or evidencing Defendant's Eighth Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

57.    All Documents concerning, supporting or evidencing Defendant's Ninth Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

58.    All Documents concerning, supporting or evidencing Defendant's Tenth Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

59.    All Documents concerning, supporting or evidencing Defendant's Eleventh Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

60.    All Documents concerning, supporting or evidencing Defendant's Twelfth Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

61.    All Documents concerning, supporting or evidencing Defendant's Thirteenth Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

62.    All Documents concerning, supporting or evidencing Defendant's Fourteenth Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

63.    All Documents concerning, supporting or evidencing Defendant's Fifteenth Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

64.    All Documents concerning, supporting or evidencing Defendant's Sixteenth Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

65.    All Documents concerning, supporting or evidencing Defendant's Seventeenth Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

DM2\8233519.1

66.  All Documents concerning, supporting or evidencing Defendant's Eighteenth Affirmative Defense set forth in its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

67.  All Documents concerning, supporting or evidencing any additional defense Defendant intends to rely upon in the Litigation.

Dated:  October 10, 2017

Respectfully submitted,

DUANE MORRIS LLP

By:  /s/ Karen C. Kline
Steven M. Cowley (admitted *Pro Hac Vice*)
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone: (857) 488-4261
Facsimile: (857) 401-3090
Email: SMCowley@duanemorris.com

Karen C. Kline
Florida Bar No. 059998
5100 Town Center Circle, Suite 650
Boca Raton, FL  33486-9000
Telephone: (561) 962-2132
Facsimile: (305) 397 2248
Email: KCKline@duanemorris.com

*Attorneys for Plaintiff Michael Grecco*
*Productions, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 10, 2017, a true and correct copy of the foregoing document was served on the following counsel for the Defendant via email:

Stephen Hunter Johnson
Brian J. Perreault
Lydecker Diaz
1221 Brickell Avenue - 19th Fl
Miami, FL  33131
bp@lydeckerdiaz.com, sshojgreen@lydeckerdiaz.com,

10

stephenhunterjohnson@yahoo.com, marlene@lydeckerdiaz.com,
shj@lydeckerdiaz.com

/s/ Karen C. Kline
Karen C. Kline

11